# Wytheville.

## Board of Supervisors of Rockingham County v. W. E. Lucas.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. Workman's Compensation Act—*County Officers and Employees—Deputy Sheriff—Case at Bar.*—A person appointed by the sheriff of a county as a deputy and special officer, who specialized largely in enforcing the prohibition law and who received the injuries complained of while arresting an alleged violator of the prohibition act, is not an officer or employee of the county so as to be entitled to compensation from the county under the workman's compensation act.

2. Workman's Compensation Act—*County Officers and Employees—Deputy Sheriff—Acts of 1922, Page 742.*—Acts of 1922, page 742, extending the benefits of the workman's compensation act to officers and employees of municipal corporations and political divisions of the State, and to policemen and firemen, does not apply to a special officer or deputy appointed by a sheriff who received the injuries complained of while attempting to arrest a violator of the prohibition act.

3. Workman's Compensation Act—*County Officers and Employees—Deputy Sheriff—Acts of 1922, Page 742.*—Acts of 1922, page 742, which extend the benefits of the workman's compensation act to officers and employees of municipal corporations and political subdivisions of the State excepts such officers and employees as are elected by the people. A sheriff of the county who is elected by the people is a State officer, and a sheriff and a deputy sheriff are one. Therefore, a deputy falls within the exception of officers and employees elected by the people.

4. Sheriff—*Deputy—Workman's Compensation Act—County Officers and Employees—Deputy Sheriff—Acts of 1922, Page 742.*—To hold, therefore, that a deputy sheriff is an employee of the county—and as such may render a county liable for his acts—in the teeth of the constitutional provision exempting counties from liability for the acts of a sheriff, would create an anomalous situation. The creature cannot exercise functions denied to the creator.

5. SHERIFFS AND CONSTABLES—*Deputy Sheriffs—Relation of Deputy to Board of Supervisors.*—There is no privity of obligation existing between a deputy sheriff and the board of supervisors of a county. The supervisors do not appoint or employ a deputy sheriff; they have no say as to whom the sheriff shall appoint as his deputy; they do not prescribe his duties; they have no control over his conduct; they have no power to remove him from office nor any control over the duration of his term thereof; they are not responsible for his salary.

6. WORKMAN'S COMPENSATION ACT—*"Employees"—Relationship of Master and Servant.*—It would seem clear from the history and purposes and general provisions of the act that the legislature did not have in mind as beneficiaries any other persons than such as are commonly understood as falling within a contractual relationship of master and servant. While the statute now includes officers, firemen and policemen, as well as employees, this does not change the status of an employee who is neither an officer, fireman or policeman.

7. WORKMAN'S COMPENSATION ACT—*Deputy Sheriff—Liability of County.*— A deputy sheriff or special officer appointed by a sheriff fails to come within the purview of the workman's compensation act as an employee of the county, because there is no contract of hire, express or implied between him and the county. It would also seem that he would be excluded on the ground that the duties of a deputy sheriff are not in the usual course of the trade, or business, of the county or its governing body.

8. WORKMAN'S COMPENSATION ACT—*Deputy Sheriff—Liability of County— Enforcement of Prohibition Law—Case at Bar.*—The duty resting upon a deputy sheriff to enforce the prohibition law is in no sense a duty which may be imposed upon him by the board of supervisors. Counties have no criminal laws, and the board of supervisors as the governing body of the county has no interest or concern in the administration of the criminal laws enacted by the legislature, and the fact that the injuries complained of occurred while the claimant, a deputy sheriff, was in the discharge of his duty as an officer of the State is conclusive against the existence of that causal relationship which must exist between the employer and the employee before the employee is entitled to recover for injuries received arising out of and in the course of his employment.

9. WORKMAN'S COMPENSATION ACT —*Conclusiveness of the finding of the Commission—Deputy Sheriff—Case at Bar.*—In the instant case it was the contention of the complainant, a deputy sheriff, that the commission had in its findings of facts decided that he was employed as a special officer by the sheriff of Rockingham county, at the time of his injury; that while in the discharge of his duties he received his injuries; and that this finding was conclusive.

*Held:* That this language was not meant to be a finding of fact for the

reason that such a finding could not be a fact as the sheriff has no authority to employ a "special officer." The court will not accept as a finding of fact by the Commission that which it judicially knows is not a fact.

Appeal from a judgment and award of the Industrial Commission of Virginia. Judgment for complainant. Defendant assigns error.

*Reversed.*

The opinion states the case.

*D. W. Earman* and *John Paul*, for the appellant.

*George N. Conrad*, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

This is a writ of error to an award of the Industrial Commission in favor of the complainant, W. E. Lucas, against the board of supervisors of Rockingham county.

The findings of facts as set forth by the Commission are as follows:

"W. E. Lucas was employed as a special officer by the sheriff of Rockingham county, Virginia, about the year 1917, to serve as a deputy and special officer, and was duly sworn in by the judge of the Circuit Court for the county of Rockingham.

"When violations of the State prohibition law increased, Lucas specialized largely in enforcing these statutes, being paid the customary fees.

"On or about May 18, 1923, L. H. Bruce, a magistrate, issued a search warrant and it was placed in the hands of Lucas to serve. It seems that a man by the name of Shiflett was alleged to be on his way from Greene county into Rockingham with a carload of

illicit whiskey. In the discharge of his duty Lucas placed Shiflett under arrest and was accompanying him in Shiflett's car, when Shiflett drove the car down an embankment into the river, resulting in serious injury to the officer, and Lucas suffered a compound fracture of the left leg; and this, together with other injuries of a more minor nature, incapacitated him from all work between May 18, 1923, until on, or about, November 18, 1923. Since the latter date the injury has been confined to the fracture of the left leg. The county of Rockingham paid $396.00 toward the injured man's medical supplies, more than was incurred in the way of medical bills during the first sixty days following the accident. The closest estimate that could be placed on the amount of fees and other sources of income growing out of his position as deputy and special officer amounted to about $10.00 a week. A special act of the legislature empowered the board of supervisors of the county of Rockingham to appropriate county funds for the relief of Lucas, and these funds were used to defray part of his medical bills. No compensation, as provided in the workmen's compensation act (Laws 1918, c. 400), has been paid to Lucas.

"Dr. J. L. Wright, who treated Lucas, testified at the hearing that Lucas had a permanent disability in the injured leg which has become infected and which has resulted in osteomyelitis. A piece of the bone has been removed. There is a shortening of the left leg, with considerable stiffness in the whole limb. The incapacity in the leg is also due to considerable pain which the injured man suffers, and there was, at the time of the hearing, a constant discharge. A cork leg, according to the physician, would be just as serviceable, for industrial purposes, or other work, such as the claimant would be required to perform in earning a

living, as the leg in its present condition. It can, therefore, be found, as a fact, that there is a total permanent incapacity in the left leg."

[1] The sole question for the determination of this court is: Was the claimant, W. E. Lucas, an officer or employee of the county of Rockingham at the time of the injury received, and did said injury arise out of and in the course of his employment?

Upon the facts stated, the Industrial Commission concluded, as a matter of law, that Lucas was an employee of the county within the meaning of the Virginia workmen's compensation act, and entered the following order:

"The employer is hereby directed to pay to W. E. Lucas, $5.00 per week for the period from May 18, 1923, to November 18, 1923, and beginning with the latter date $5.00 per week for a period of 175 weeks, all compensation past due to be paid immediately upon receipt of this award and payments resumed regularly every two weeks thereafter."

In paragraph (b), section 2, of the compensation act, an "employee" is thus defined: " 'Employee' shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer; and, as relating to those so employed by the State, the term 'employee' shall include all officers and employees thereof, except only such as are elected by the people, or by the General Assembly, or appointed by the Governor either with or without the confirmation of the Senate; as relating to municipal corporations and political divisions of the State, the term 'employee' shall include all officers and employees thereof, except such as are

elected by the people or elected by the council, or other governing body of said municipal corporation or political division, who act in purely administrative capacities and to serve for a definite term of office.   Policemen and firemen, except policemen and firemen in cities containing more than one hundred and seventy thousand inhabitants, shall be deemed to be employees of the respective cities, counties, or towns in which their services are employed and by whom their salaries are paid.   Any reference to an employee who has been injured shall, when the employee is dead, include also his legal representative, dependents, and other persons to whom compensation may be payable."   Laws 1922, c. 425.

In commenting upon the purpose of the act, this court, in *Mann* v. *Lynchburg*, 129 Va. 459, 106 S. E. 373, says:   "The act, as its title shows, relates to industrial accidents, and its well known purpose was to substitute for the unsatisfactory common law remedies a speedier and simpler and more equitable form of relief for personal injuries sustained by persons engaged in hazardous occupations.   It would seem clear from the history and purposes and general provisions of the act that the legislature did not have in mind as beneficiaries any other persons than such as are commonly understood as falling within a contractual relationship of master and servant.   It often happens that cities and towns employ large forces of men in connection with municipal undertakings, such as the construction of sewers, the building of streets, the operation of rock quarries and other similar and more or less hazardous occupations akin to those undertaken by individuals and industrial corporations.   The legislature undertook to make an improvement upon the remedies hitherto existing in cases of employees receiving personal in-

juries, and who might or might not, according to the particular facts of the case, have a cause of action against the employer on the ground of negligence or breach of duty, and manifestly the idea was that this remedy should be provided for those who theretofore stood in such a relationship as that there might be in cases of negligence a liability on the employer. (*Griswold* v. *Wichita*, 99 Kan. 502, 162 Pac. 276, L. R. A. 1918F, 187, 189, Ann. Cas. 1917D, 31.) The case of a city policeman does not, as we think, fall within the reason and purpose of the act; and this conclusion is greatly strengthened by the language which the legislature used in its enactment."

In the *Mann Case*, the question presented was whether or not the widow and children of Lee Arthur Mann, a policeman of the city of Lynchburg, who was killed in the line of duty, were entitled to compensation under the act as it was then in force. The court held the claimants were not entitled to recover—that Lee Mann was a public officer and not an employee of the city as contemplated by the act in question.

[2, 3] To meet this decision, the General Assembly, Acts 1922, page 742, amended the act as it related to municipal corporations and political divisions of the State, so as to include "all officers and employees thereof, except such as are elected by the people or elected by the council or other governing body of said municipal corporation, or political division, who act in purely administrative capacities and to serve for a definite term of office. Policemen and firemen * * shall be deemed to be employees of the respective cities, counties or towns in which their services are employed and by whom their salaries are paid."

It is the contention of the claimant, Lucas, that by reason of the fact that he is an officer of the county that

he thus falls within the term employee, as the exception "such as are elected by the people," etc., has no application to a deputy sheriff who is not so elected, but who derives his office from an appointment by the sheriff. That the sheriff of a county who is elected by the people is a State officer, made so by express provision of the Constitution, must be conceded. *Burch* v. *Hardwicke*, 30 Gratt. (71 Va.) 24, 32 Am. Rep. 640. This being true, the question naturally arises, can there be a dual entity flowing from a common source? We think not. In contemplation of law, both organic and statutory, a sheriff and a deputy sheriff are one. A deputy can only come into being by virtue of the appointment of a sheriff.

Section 2701 of the Code provides that the sheriff of any county, with the consent of the court, or with the consent of the judge, in writing, may appoint one or more deputies. There is no other method provided by which one may become a deputy sheriff.

In recognition of the fact that the statute law contemplates but a single person, it is provided by section 2825 of the Code that a deputy sheriff cannot return a process executed by merely signing his own name to the same, but in order to make the return valid, he must also subscribe the name of the principal. That the Constitution likewise is in harmony with the statutory law is evidenced by the provisions of section 114, which provides: "Counties shall not be made responsible for the acts of the sheriffs."

(4) To hold, therefore, that a deputy sheriff is an employee of the county—and as such may render a county liable for his acts—in the teeth of the Constitutional provision exempting counties from liability for the acts of a sheriff, would create an anomalous situ-

ation.   The creature cannot exercise functions denied to the creator.

[5] There is no privity of obligation existing between a deputy sheriff and the board of supervisors of a county.   The supervisors do not appoint or employ a deputy sheriff; they have no say as to whom the sheriff shall appoint as his deputy; they do not prescribe his duties; they have no control over his conduct; they have no power to remove him from office nor any control over the duration of his term thereof; they are not responsible for his salary.   In truth, the only connection a deputy sheriff may have with the board of supervisors is when at the direction of the sheriff he attends its meetings and discharges such duties as are required by section 2701 of the Code.

[6] It being clearly perceived that a deputy sheriff is not an officer of the county, the only other question is, does he come within the terms of an employee as defined in the act?   In our view, the amendment of the act in 1922 does not change the construction placed upon it by this court in the *Mann Case, supra,* where, in dealing with those who are entitled to compensation as employees, it is said:   "It would seem clear from the history and purposes and general provisions of the act that the legislature did not have in mind as beneficiaries any other persons than such as are commonly understood as falling within a contractual relationship of master and servant."

While the statute now includes officers, firemen and policemen, as well as employees, we do not think this changes the status of an employee who may not be either an officer, fireman or policeman.   In order to fall within the classification of an employee he must be one "in the service of another under a contract of hire or apprenticeship, written or implied, except one whose

employment is not in the usual course of the trade, business, occupation or profession of the employer," and with the added exception that the term employee shall not include persons elected by the people.

[7, 8] Tested by this construction, the claimant, Lucas, fails to come within the purview of the statute, as the record fails to disclose any contract of hire, express or implied, between him and the county. It would also seem that the claimant would be excluded on the ground that the duties of a deputy sheriff are not in the usual course of the trade, or business, of the county or its governing body. The duty resting upon a deputy sheriff to enforce the prohibition law is in no sense a duty which may be imposed upon him by the board of supervisors. Counties have no criminal laws, and the board of supervisors as the governing body of the county has no interest or concern in the administration of the criminal laws enacted by the legislature.

The fact that the accident occurred while Lucas was in the discharge of his duty as an officer of the State is conclusive against the existence of that causal relationship which must exist between the employer and the employee before the employee is entitled to recover for injuries received arising out of and in the course of his employment.

[9] A further contention of the claimant, Lucas, is that the commission has, in its findings of facts, decided that "W. E. Lucas was employed as a special officer by the sheriff of Rockingham county," at the time of his injury; that while "in the discharge of his duties" he received his injuries; that this finding is conclusive. To sustain this contention, the case of *Stonega Coke and Coal Company* v. *Sutherland*, 136 Va. 489, 118 S. E. 133, is relied on. In this case, Burks, J., says: "In the absence of fraud, the findings of facts

by the Commission is not subject to review.    *It is the sole judge of the facts established by the evidence,* and neither evidence adduced before it nor any other evidence can be introduced to impeach or qualify the facts found by it.''    (Italics added.)    In laying down this rule the judge delivering the opinion was discussing the admissibility in evidence in the trial court of certain letters and papers and a copy of the testimony taken before the deputy commissioner to contradict the findings of facts of the Commission.

In the absence of fraud the act provided that ''the award of the Commission    *    *    *    shall be conclusive and binding as to all questions of fact.''    Laws 1922, c. 425, section 61.    No fraud being alleged, the court held that the evidence sought to be introduced was inadmissible.

To adopt the contention of the claimant literally would lead to the result that there could never be an appeal from any award made by the Commission.    In order for the Commission to find a fact, it must be predicated upon evidence introduced or appearing in the proceedings.    To illustrate, the seemingly careless use of the words that ''W. E. Lucas was employed as a special officer by the sheriff of Rockingham county, Virginia,    *    *    to serve as a deputy,'' etc., could not in the very nature of things be a finding of fact that he was a special officer, for the simple reason that there is no authority whatever for the employment of ''a special officer'' by the sheriff.    The language used is not meant as we conceive it, to be a finding of fact, for the reason that such a finding as stated could not be a fact.    This court will not accept as a finding of fact by the Commission that which it judicially knows is not a fact.

Giving to the statute the most liberal construction possible, we are unable to so construe it as to bring the

claimant, W. E. Lucas, within its provisions. The language employed in the *Mann Case*, *supra*, is applicable here: "If any such officers are to be included within the provisions of the statute, the amendment should be made by the legislature and not by the tribunals called upon to construe and enforce the law."

The judgment and award of the Industrial Commission will be reversed and set aside and final judgment entered here for the plaintiff in error.

*Reversed.*