PRESENT:  Lemons, C.J., Goodwyn, Millette, Mims, and McClanahan, JJ., and Russell and Lacy, S.JJ.

BRAD L. ROOP

v.    Record No. 140836

J.T. "TOMMY" WHITT, IN HIS
CAPACITY AS SHERIFF

OPINION BY
JUSTICE WILLIAM C. MIMS
February 26, 2015

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
J. Howe Brown, Jr., Judge Designate

In this appeal, we consider whether a sheriff's deputy is a local employee for the purposes of Code § 15.2-1512.4.

I.  BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Brad L. Roop was Captain of Criminal Investigations in the Montgomery County Sheriff's Office ("MCSO").  In May 2012, an employee of the Virginia Department of Forensic Science ("DFS") informed Roop that the laboratory had repeatedly failed to detect any controlled substances in evidence submitted by the MCSO Street Crimes Unit ("SCU").  Roop met with Sheriff J.T. "Tommy" Whitt because Roop believed that the information from DFS could suggest corruption, impropriety, or malfeasance by MCSO employees.  Whitt directed Roop to investigate the matter.

During his investigation, Roop discovered what he considered to be troubling irregularities in several cases involving controlled substances, domestic violence, and child endangerment.  The alleged irregularities included

misrepresentations to the Commonwealth's attorney's office, alteration of incident reports, use of a deputy's brother as a confidential informant, and controlled drug buys that failed to yield controlled substances.

On June 23, 2012, Roop reported his findings to Whitt. On June 26, Whitt met with the captain supervising the SCU. Later that day, Whitt met with Roop and informed Roop that his discoveries had been sufficiently explained. Roop disagreed, advising Whitt that the evidence contained in Roop's report could not be ignored.

On June 29, Whitt suspended Roop with pay and informed him that Whitt would initiate an internal affairs investigation by the Blacksburg Police Department into Roop's conduct. Roop was never provided with the results of such an investigation, if any. However, Whitt subsequently informed Roop that he believed Roop had initiated the SCU investigation for personal reasons, including a desire to discredit the SCU's incumbent supervising captain so Roop could command the unit himself. On August 28, Whitt terminated Roop's employment with the MCSO.

On December 7, 2012 Roop filed a complaint alleging that his termination was impermissible retaliation, in violation of Code § 15.2-1512.4, which protects the right of "any local employee to express opinions to state or local elected officials on matters of public concern." In May 2013, he filed

2

a motion for leave to amend the complaint and a proposed amended complaint pursuant to Rule 1:8. Whitt opposed Roop's motion. In July, Roop filed a new amended complaint substantially different from the one he proposed in May with his motion for leave to amend.

Whitt filed a demurrer to the July amended complaint and a motion to dismiss, arguing that Code § 15.2-1512.4 created no right of action. He further argued that even if the statute created a right of action, it did not apply to Roop because he was not a local employee.

The circuit court held a hearing on the demurrer and motion to dismiss the July amended complaint. At the hearing, Roop argued that he was a local employee for the purposes of Code § 15.2-1512.4 and that he had a right of action under Code § 8.01-221. He also made an oral motion for leave to amend his amended complaint. The court ruled that neither Code § 8.01-221 nor Code § 15.2-1512.4 created a cause of action. It also ruled that Roop was not a local employee for the purposes of Code § 15.2-1512.4 because sheriffs have broad discretion in the hiring and firing of deputies. The court thereafter entered an amended final order sustaining the demurrer, denying leave to amend the amended complaint, and granting the motion to dismiss.

We awarded Roop this appeal.

II. ANALYSIS

In one assignment of error, Roop asserts that the circuit court erred by ruling that he was not a local employee for the purposes of Code § 15.2-1512.4. He argues that sheriff's deputies are included as local employees under Code §§ 15.2-1512.2 and 51.1-700. He also argues that even if sheriffs have discretion to terminate their deputies at will, this Court recognized a cause of action for termination of employment in violation of public policy in Bowman v. State Bank of Keysville, 229 Va. 534, 540, 331 S.E.2d 797, 801 (1985). He contends his termination violated the public policy expressed in Code § 15.2-1512.4 and therefore is actionable.

Whether a sheriff's deputy is a "local employee" as that term is used in Code § 15.2-1512.4 is a question of statutory interpretation. We review such questions de novo. Payne v. Fairfax County Sch. Bd., ___ Va. ___, ___, 764 S.E.2d 40, 42 (2014).

Code § 15.2-1512.4 provides in relevant part that "[n]othing in [Chapter 15 of Title 15.2] shall be construed to prohibit or otherwise restrict the right of any local employee to express opinions to state or local elected officials on matters of public concern, nor shall a local employee be subject to acts of retaliation because the employee has expressed such opinions." The section includes no definition

4

of the term "local employee."  The only such definition in the

Code is in Code § 51.1-700.  However, the application of that

definition is expressly limited to Chapter 7 of Title 51.1, a

chapter dealing with federal social security in a title

covering pensions, benefits, and retirement.  Code § 51.1-700.

That subject is not connected to the one before us here, and we

do not believe the General Assembly intended it to apply to

Chapter 15 of Title 15.2.  Cf. Prillaman v. Commonwealth, 199

Va. 401, 405, 100 S.E.2d 4, 7 (1957) ("The general rule is that

statutes may be considered as in pari materia when they relate

to the same person or thing, the same class of persons or

things or to the same subject or to closely connected subjects

or objects.")

"When the legislature leaves a term undefined, courts must

give [it] its ordinary meaning, taking into account the context

in which it is used."  American Tradition Inst. v. Rector &

Visitors of the Univ. of Va., 287 Va. 330, 341, 756 S.E.2d 435,

441 (2014) (internal quotation marks and alteration omitted).

The ordinary meaning of "employee" is "one employed by

another," Webster's Third New International Dictionary 743

(1993), or "[s]omeone who works in the service of another

person (the employer) under an express or implied contract of

hire, under which the employer has the right to control the

5

details of work performance". Black's Law Dictionary 639 (10th ed. 2014).

A sheriff's deputy is appointed only by the sheriff, who may remove a deputy subject only to a few statutory limitations, such as those in Code § 15.2-1604. Code § 15.2-1603. Further, the compensation of the sheriff and his or her deputies is paid by the Commonwealth, not the locality.[1] Code §§ 15.2-1609.7 and 15.2-1609.9. Finally, "[t]here is no privity of obligation existing between a deputy sheriff and the board of supervisors of a county. The supervisors . . . have no say as to whom the sheriff shall appoint as his deputy; they do not prescribe his duties; they have no control over his conduct; they have no power to remove him from office nor any control over the duration of his term thereof . . . ." Rockingham County v. Lucas, 142 Va. 84, 92, 128 S.E. 574, 576 (1925).

Accordingly, a sheriff's deputy is the employee of the sheriff, not the local government. To ascertain whether a sheriff's deputy may be a local employee derivatively, through

---

[1] Local governments may appropriate supplemental compensation. Code § 15.2-1605.1. They may condition such appropriations on the sheriff's acceptance of certain restrictions on the use of the appropriated funds. See Bailey v. Loudoun County Sheriff's Office, 288 Va. 159, 167-68, 762 S.E.2d 763, 765 (2014).

6

the sheriff, we must consider the role of the sheriff as a constitutional officer.

Under the Constitution of Virginia, the General Assembly may create or dissolve localities at will. Va. Const. art. VII, § 2. The legislature may likewise provide by statute for a locality's government and administration. Id. A locality therefore has no government until one is authorized by the General Assembly.

By contrast, constitutional officers, including sheriffs, are creations of the constitution itself. Va. Const. art. VII, § 4. Their offices exist, abeyant and unfilled, by virtue of constitutional origination from the moment their county or city is created by the legislature. Their offices and powers exist independent from the local government and they do not derive their existence or their power from it. Their compensation and duties are subject to legislative control, but only by state statute and not local ordinance. Id.; see Carraway v. Hill, 265 Va. 20, 24, 574 S.E.2d 274, 276 (2003).

Consequently, "[w]hile constitutional officers may perform certain functions in conjunction with" local government, they are neither agents of nor subordinate to local government. Id. The local government has no control over their work performance. Similarly, constitutional officers are elected by

7

the voters for prescribed terms.  They are neither hired nor fired by the locality.  They therefore are not local employees.

Accordingly, a sheriff's deputy, who is an employee of the sheriff, is not a local employee for the purposes of Code § 15.2-1512.4.  The circuit court did not err in sustaining Whitt's demurrer.

In another assignment of error, Roop asserts that the circuit court abused its discretion by denying his motion for leave to amend the amended complaint.  He argues that Rule 1:8 requires leave to be liberally granted and that Whitt would not have been prejudiced by the amendment.  However, while the record reflects that Roop made an oral motion for leave to amend the amended complaint, nothing discloses any proffer or description of how the amendment would alter the pleading upon which the circuit court had ruled.  We therefore cannot review the court's decision to deny leave to amend.  Prince Seating Corp. v. Rabideau, 275 Va. 468, 470, 659 S.E.2d 305, 307 (2008) (per curiam) ("We cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the basis for that ruling or provide us with a record that adequately demonstrates that the court erred.  Our rules require the appellant to present a sufficient record on which the court can determine whether or not the lower court has erred." (internal quotation marks omitted)).

For these reasons, we will affirm the judgment of the circuit court.[2]

Affirmed.

---

[2] Roop expressly waived an additional assignment of error in which he asserted that circuit court erred in ruling that Code § 8.01-221 did not create a cause of action.