# Richmond.

## T. H. McGinnis v. Nelson County.

· November 18, 1926.

1. Taxation—*Commissioner of Revenue—Compensation for Assessing Property of Public Service Corporation.*—A commissioner of revenue is not entitled to commissions for assessing the property of public service corporations for the purpose of local taxation.

2. Taxation—*Assessment—Compensation for Making Assessments.*—Tax officers must make their assessments in the manner prescribed by law. Unless such assessments are made under warrant of law, the service rendered is gratuitous.

3. Taxation—*Commissioner of Revenue—Constitutional Officer—Duties Regulated and Defined by Statute—Assessment of Property of Public Service Corporations.*—While it is true that a commissioner of the revenue is a constitutional officer (section 110, Constitution of 1902), his duties are regulated and defined by statute. That the statute has not imposed upon him the burden of assessing the property of a public service corporation located in the county is made manifest not only by the terms of sections 2300 and 2337 of the Code of 1919, but by an examination of the Constitution and the statutes relating to the assessment of and levy upon the property of all public service corporations doing business in the State.

4. Taxation—*Assessment—Levy.*—Every assessment rests upon a proper levy of a tax. In fact it may be said, no levy, no assessment. Levy and assessment have very different meanings. The levy of taxes is a legislative function, and declares the subject and rate of taxation. Assessment is *quasi* judicial, and consists in making a list of the taxpayer's property and fixing its valuation, or appraisement.

Error to a judgment of the Circuit Court of Nelson county, on an appeal from a decision of the board of supervisors allowing petitioner certain commissions to the judgment reversing the decision of the supervisors. Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*J. Vaughan Gary* and *L. Grafton Tucker*, for the plaintiff in error.

*S. B. Whitehead*, for the defendant in error.

Campbell, J., delivered the opinion of the court.

[1] This case presents for decision the single question, whether the plaintiff in error, a commissioner of the revenue for the Lovingston district of Nelson county, is entitled to commissions for assessing the properties of certain public service corporations situated in the county, for the purpose of local taxation.

At the October meeting of the board of supervisors the plaintiff presented his claim against the county, which was allowed.

On an appeal perfected by the attorney for the Commonwealth, the circuit court, after hearing evidence upon the issue, reversed the action of the board of supervisors and entered an order annulling the allowance made to the plaintiff.

[2] It is universally conceded that as a general rule officers must make their assessments in the manner prescribed by law. *County of Sussex* v. *Jarratt*, 129 Va. 683, 106 S. E. 384, 627. Unless such assessments are made under warrant of law, the service rendered is gratuitous.

The duties of a commissioner of the revenue are defined in part in section 2337 of the Code as follows: "The commissioner shall extend in his land and property books the total of the county and district levies, as the case may be, including the road and school levies, so as to show the aggregate amount

of all such levies assessed against each person assessed with State taxes on said books. This section then provides for such compensation as the board of supervisors may deem reasonable."

In connection with section 2337 we must read section 2300 which contains this language: "Any property not assessable on the personal property books with State taxes, because the State has provided otherwise for its assessment, *shall not be entered on the personal property books, notwithstanding localities have the right to assess any such properties with local levies.*" (Italics added.)

If the plaintiff is entitled to the compensation sought, it is by virtue of the language contained in these two sections.

[3] While it is true that a commissioner of the revenue is a constitutional officer, section 110, Constitution of 1902, his duties are regulated and defined by statute. That the statute has not imposed upon him the burden of assessing the property of a public service corporation located in the county is made manifest not only by the terms of the statutes cited, but by an examination of the Constitution and the statutes relating to the assessment of and levy upon the property of all public service corporations doing business in the State.

Section 176 of the Constitution provides that the corporation commission shall ascertain and assess the property of each railway corporation and each canal corporation, and that such property shall be taxed for State, city, town, and district purposes.

Section 180 of the Constitution provides that any corporation aggrieved by the assessment and ascertainment made under the foregoing section, may apply for relief to the Circuit Court of the city of Richmond.

Sections 27, 28, 29, 29½, 34 and 35 of the Code (Tax Bill) provide that the corporations named therein (which are here involved) shall report to the State Corporation Commission annually, on or before the fifteenth day of August, or on or before the first day of September, as the case may be, all of its property, real and personal, belonging to it on the thirtieth of June preceding, where located, and giving a classification of same.

It is then further provided that the State Corporation Commission shall assess such properties and that the clerk thereof shall furnish to the board of supervisors a certified copy of the assessment made by the State Corporation Commission for the purpose of taxation in each county, in order that county and district levies may be imposed upon the property so assessed by the Commission.

The assessment of taxes, levy of taxes and collection of taxes are provided for generally by statute. In the instant case, the law provides that the State Corporation Commission shall make the assessment, that the board of supervisors shall lay the local levy, and that the treasurer of the county shall collect the tax. Hence, it was the duty of the State Corporation Commission to make the assessment and the duty of the board of supervisors to lay the levy.

[4] In *County of Sussex* v. *Jarratt, supra,* it is said: "Hence, it was the duty of the commissioners, apart from the suggestion of the board, to assess for taxation within the prescribed limits any property which upon assessment appeared to have been omitted. But 'this subsequent assessment must be made in the manner and within the time prescribed by law.' *Commonwealth* v. *United Cigarette Machine Company,* 120 Va. 835, 92 S. E. 901. Every assessment rests

upon a proper levy of a tax. In fact it may be said, no levy, no assessment. 'Levy and assessment have very different meanings. The levy of taxes is a legislative function, and declares the subject and rate of taxation.' Hilliard on Taxation, page 290. Assessment is *quasi* judicial, and consists in making a list of the taxpayer's property and fixing its valuation, or appraisement. *Id.* 29.''

The commissioner of the revenue is in no wise concerned with the assessment upon the property of the public service corporations. He is directed by section 2305 of the Code to begin the discharge of the duties imposed upon him by law on the first day of February of each year, and by section 2342 of the Code is required, under penalty, to deliver a copy of the land book and personal property book to the treasurer of the county and to the Auditor of Public Accounts by the first day of October of each year.

On the other hand, it is to be observed that the report required of public service corporations in regard to their property may be delayed until August or September and then the Corporation Commission is required to give thirty days notice before making the assessment.

Thus it is seen that whatever assessment is required to be made by the commissioner of the revenue, the assessment here involved is not one of them.

We are of the opinion that there is no error in the judgment pronounced by the circuit court, and, therefore, it is affirmed.

*Affirmed.*