# Richmond

## VIRGINIA SURETY COMPANY, INC. v. L. N. HILTON.

October 11, 1943.

Record No. 2716.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Willis & Willis* and *R. E. Williams*, for the appellant.

*S. H. & George C. Sutherland*, for the appellee.

GREGORY, J., delivered the opinion of the court.

J. H. Amburgey died intestate in June, 1936, leaving surviving him his widow and five children of whom three

were minors. His son, B. H. Amburgey, qualified as administrator of the estate and gave bond for $3,000 with the Virginia Surety Company, Inc., as surety.

The estate consisted of a stock of merchandise which was appraised at $1,389; cash in bank, certain fixtures and other small items, all of which were appraised at the aggregate value of $2,458.50. There were several parcels of real estate.

The merchandise was sold by the administrator to his uncle for $1,389, the full appraised value. The sale was made on credit and the purchase price was to be paid at the rate of $50 per month. Monthly notes for $50 were made by the purchaser, payable to the administrator. They were endorsed by the grandfather and grandmother of the administrator who were solvent at that time.

The administrator filed his annual report on June 19, 1937, and his account as administrator was settled by the commissioner of accounts. Also, there were three other settlements in this cause made before him as a commissioner of the court, to which we will later refer.

There was an indebtedness due by the estate to L. N. Hilton for $1,750 which was evidenced by a series of notes made by J. H. Amburgey during his lifetime. They were payable at the rate of $50 per month, ten of which were paid, leaving twenty-five unpaid, aggregating $1,250 exclusive of interest.

It was apparent that the personal property would be insufficient to pay the obligations of the estate, and therefore L. N. Hilton instituted a suit to sell the real estate of the deceased. This was done and the net amount of $335.10 realized from the sale was applied as a credit on the indebtedness due Hilton. The suit was for the sole purpose of selling the real estate of the deceased and to pay his debts.

Later, the cause was referred to a commissioner of the court who restated the account. The account disclosed that the assets in the administrator's hands were still insufficient to discharge the liabilities.

In January, 1942, Hilton filed a supplemental bill in the cause, alleging that the administrator had been guilty of a breach of trust and had squandered the assets of the estate, and asking for a judgment against the surety for the amount which he claimed had been wasted by the administrator. The cause was again referred to a commissioner in chancery, who made a report upon which the final decree in this cause was entered.

The decree appealed from, in accordance with the report, awarded the complainant $1,579.23 with interest, and the Clinchfield Lumber and Supply Company $100.47 and $8.25 costs with interest. Liability for these respective amounts was fixed against the administrator and his surety, the Virginia Surety Company.

At the bar of this court when this cause was presented and submitted, counsel for the appellant, Virginia Surety Company, stated that he desired this cause to be decided upon the merits rather than upon the pleadings and certain procedural questions to which he had directed certain assignments of error. One or more of those questions are of serious import and might have warranted a reversal of the decree. The fact that we ignore them here is not to be taken as our approval of the rulings of the court which were questioned by the assignments of error. The fact that they have been expressly waived by counsel, alone, renders it unnecessary to discuss or decide the issues raised by them.

The challenged decree of December 7, 1942, holds that the estate was solvent; that the administrator had in hand more than enough assets to pay all debts in full but that he had squandered the assets. A money decree against the administrator and his surety, Virginia Surety Company, in favor of creditors is awarded, including interest and attorney's fee, which, together with the amounts paid to various creditors, is in excess of the value of the entire assets of the estate. Under Code, section 5389, (Michie), the administrator cannot be charged beyond the assets of the estate, and interest ceases where the estate is insolvent.

*Metompkin Bank, etc., Co.* v. *Bronson,* 172 Va. 494, 2 S. E. (2d) 323.

The administrator has not appealed from the decree. The Virginia Surety Company alone has appealed.

■ It is apparent from the record before us that the decree is not supported by the evidence. There is no evidence in the record from which it may be concluded that the estate was solvent. On the other hand, the record clearly shows that the estate was, in fact, insolvent at the time of the entry of the decree and had been for several years prior thereto.

Again there is no evidence in the record from which it may be concluded that the administrator squandered the assets of the estate. There is no evidence which discloses any neglect or dereliction on his part relating to his management or control of the assets of the estate. The condition of his bond was that he "shall faithfully discharge the duties of his office, post, or trust of administrator, * * * ". No breach of the bond has been proven.

As we have already stated, there came into the hands of the administrator a stock of goods which was appraised at $1,389. He sold these goods to a brother of the decedent at the appraised value on a credit of $50 per month. The purchaser gave the administrator $50 monthly notes made by him. They were endorsed by his father and mother (who were the grandparents of the administrator), both of whom appear to have been solvent at the time of the sale of the goods and of their endorsement. Seven of these notes aggregating $350 were paid, leaving unpaid the remainder of them, amounting to $1,039, exclusive of interest. The court has held that the administrator must be charged with the $1,039, together with interest thereon, because he was remiss in his duties as administrator in making the sale and in failing to collect the purchase price.

Was it such a breach of duty for the administrator to make the sale and fail to collect the $1,039 from the purchaser of the goods and his endorsers as would have justified the court in holding the surety company liable on the administrator's

bond? The record is meager on the point but it fails entirely to show that the administrator failed in his duty. By Code, section .5381, (Michie), the administrator is directed to sell the goods of the decedent (except those mentioned in section 5380 which do not embrace a stock of merchandise) as soon as is convenient, giving a reasonable credit and taking good security. The purchaser and endorsers on his notes, according to the evidence, became insolvent after the sale and the notes could not be collected. One of the endorsers conveyed his property and the administrator employed counsel to institute suit against the grantee to set aside the conveyance. The suit was instituted but it was not prosecuted to a conclusion because it later became apparent that whatever could be realized by doing so would not justify the expenditure of the costs attending the conduct of such a suit.

Our conclusion is that the administrator sold the stock of goods on credit to a solvent purchaser, who supplied endorsers who were also solvent at the time of the sale. The fact that he failed in his efforts to collect the entire purchase price, without more, is not sufficient to declare him guilty of a breach of his fiduciary duties so as to charge the amount he failed to collect against the surety of his bond. *Glen Falls Ind. Co.* v. *Wall*, 163 Va. 635, 177 S. E. 901.

Under Code, section 5406, (Michie), the administrator is only chargeable with money he fails to collect through his negligence or other improper conduct. And he is not required to sue for a debt due the estate when it is apparent that the debtor is unable to pay it. *Lovett* v. *Thomas*, 81 Va. 245.

The three settlements of the account by the commissioner of the court, which are in the record of this cause and which were made in compliance with the direction of the court, are incomplete and inaccurate in several respects. From these settlements it is impossible to determine the true status of the estate. The court, as stated, has erroneously proceeded upon the assumption that the estate was solvent and has granted a money decree against the administrator

and the surety for the full amount of the claim of the complainant, including interest and attorney's fees. As already indicated, the estate was insolvent, therefore, the complainant was entitled only to his *pro rata* share of the proceeds of the estate as a general creditor under Code, sections 5390 and 5391, (Michie). He was not entitled to interest after insolvency, which was shown to exist at the death of the intestate, or to attorney's fees which were provided in the notes because the notes were not placed in the hands of an attorney for collection prior to insolvency.

It is conceded by Virginia Surety Company that the administrator had, after the payment of the cost of administration and after the payment of the preferred debts, $902.92 or 41 per cent of the amounts due the general creditors and that the dividend going to the complainant is 41 per cent of his total claim of $1,650, which is $676.50, from which is to be deducted the admitted amount already paid him by the administrator of $408.42. There remains due the complainant $268.08 for which the appellant admits it is liable. By a like computation, the Virginia Surety Company also admits its liability upon the claim of Clinchfield Lumber and Supply Company. This claim was $70.52 and 41 per cent of it amounts to $28.81, for which the surety company is liable.

After a careful examination of the record, we find that the foregoing computation and the respective amounts admitted to be due by the administrator to L. N. Hilton, the complainant, and to Clinchfield Lumber and Supply Company are supported by the preponderance of the evidence, and that a final decree should now be rendered by this court against the Virginia Surety Company, in favor of L. N. Hilton for $268.08, and in favor of Clinchfield Lumber and Supply Company for $28.81, both to bear interest from the date of the entry of the decree by this court. The Virginia Surety Company having substantially prevailed, costs should be awarded in its favor.

*Reversed and final decree.*