## Richmond

L. N. HILTON v. B. HOBERT AMBURGEY, ET AL.

January 21, 1957.

Record No. 4616.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

Case submitted on briefs.

*S. H. Sutherland* and *S. H. & George C. Sutherland* for the plaintiff in error.

*Hansel Fleming, M. M. Long* and *Long & Long* for the defendants in error.

HUDGINS, C. J., delivered the opinion of the court.

On December 7, 1942, in a chancery suit then pending in the Circuit Court of Dickenson County entitled L. N. Hilton etc. v. B. H. Amburgey, Admr. of the estate of J. H. Amburgey, and his surety, the Virginia Surety Company et al, a decree was entered declaring, among other things, that B. H. (Hobert) Amburgey and the Virginia Surety Company were indebted to L. N. Hilton in the sum of $1579.23, and judgment was entered against both. From this decree the Virginia Surety Company obtained an appeal, and on October 11, 1943, this Court reversed the finding and judgment of the lower court and decided that the Virginia Surety Company, as surety on the bond of the administrator, was liable to L. N. Hilton in the sum of $268.08 only, and entered judgment accordingly. *Virginia Surety Company v. Hilton*, 181 Va. 952, 27 S. E. 2d 62. This judgment has been paid and discharged. B. Hobert Amburgey, the principal on the administrator's bond, did not join in the appeal.

On February 27, 1956, L. N. Hilton caused a writ of *fieri facias* to be issued against B. Hobert Amburgey on the above mentioned judgment for $1579.23, subject to a credit of $174.21, and served upon the Commonwealth of Virginia and the County of Dickenson. S. C. Day, Comptroller for the Commonwealth, in answer to the summons, stated that the Commonwealth was indebted to Amburgey in the sum of $311.51. Glyn R. Phillips, Commonwealth's Attorney of Dickenson County, in an answer for the County, stated that the County was indebted to Amburgey in the sum of $187.56.

At the hearing the trial court sustained Amburgey's motion to dismiss the garnishment proceedings on the ground that the sums in controversy were not subject to garnishment because they were part of the salary of $5200.00 due him for the current year as Sheriff of Dickenson County, one-third of which was an obligation of Dickenson County, and the other two-thirds was an obligation of the Commonwealth. It was agreed that Amburgey was the duly elected Sheriff of Dickenson County, and on January 1, 1956, had qualified as such officer for a term of four years. L. N. Hilton prosecutes this appeal from the judgment dismissing the garnishment proceedings.

The only assignment of error stated in the petition for this writ of error and the only question decided by the lower court is whether the salary of a sheriff is subject to garnishment or attachment.

Appellant contends that a sheriff is a county officer and that his salary is subject to garnishment under the provisions of Code § 8-449.2, which reads as follows:

"Unless otherwise exempt, the wages and salaries of all officials, clerks and employees of any city, town or county shall be subject to garnishment or execution upon any judgment rendered against them."

In one sense the sheriff may be regarded as a county officer. However, Code § 8-449.3 limits the application of the above quoted section to the salaries of officers whose offices are created by the General Assembly or by a county or municipality, in the following language:

"All officers, clerks and employees who hold their office by virtue of authority from the General Assembly or by virtue of city, town or county authority, whether by election or appointment, and who receive compensation for their services from the moneys of such city, town or county shall, for the purposes of garnishment, be deemed to be, and are, officers, clerks or employees of such city, town or county."

Sheriffs, clerks of court, treasurers, commonwealth's attorneys and commissioners of revenue do not hold their offices by virtue of authority of the General Assembly or by virtue of authority of a municipality or county. The sheriff and the other officers named hold their offices by virtue of § 110 of the constitution, which provides that all the officers named shall be elected by the qualified voters of the county and that their duties and compensation shall be prescribed by general law. In *Narrows Grocery Co.* v. *Bailey*, 161 Va. 278, 170 S. E. 730, we held that under this provision of the constitution a sheriff is a constitutional officer and his duties are regulated and defined by the statute. In *McGinnis* v. *Nelson County*, 146 Va. 170, 135 S. E. 696, we held that a commissioner of the revenue was a constitutional officer, and in *Burnett* v. *Brown*, 194 Va. 103, 72 S. E. 2d 394, we held that the commonwealth's attorney was a constitutional officer. Simply because the county pays one-third of the salary of a sheriff does not make him an officer or employee of the county within the definition of such officers stated in Code § 8-449.3 as contended by appellant.

In the absence of any relevant statute, the general rule is that the compensation of a public officer is not subject to the demands of creditors through a process of garnishment. See 4 Am. Jur., Attachment and Garnishment, 141, p. 640, 38 C. J. S. 244, Ann. 56 A. L. R. 602 and cases therein cited.

The facts in *Blair, Attorney-General* v. *Marye, Auditor*, 80 Va. 485, were that Morton Marye, the Auditor of Public Accounts, acting pursuant to a statute (Acts of 1884, Extra Session, 90) entitled

"An ACT to provide for securing to the state money due to it by any of its officers", withheld the payment of a part of the salary due F. S. Blair as Attorney-General on the ground that Blair was indebted to the Commonwealth. In the mandamus proceedings instituted by the Attorney-General to compel the auditor to pay that part of the salary withheld by him, it was decided that it was not within the power of the legislature to withhold from such officer the salary which was prescribed by law, nor to delegate such power to the auditor. On pages 495 and 497 it is said:

"The public service is protected by protecting those engaged in performing public duties; and this, not only on the ground of private interest, but upon the necessity of securing efficiency in the public service, by seeing to it that the compensation provided for its performance, shall be received by those who are to perform the work; but the *withholding* the salaries and emoluments of constitutional public officers, would prove hurtful and even disastrous to the public service."

\* \* \* \* \* \* \*

". . . . . The services and salary of a public officer are founded in constitutional grant, and not in *contract;* and they have none of the affinities or liabilities under the law of contract. The salary of the attorney-general is of constitutional grant and of public official right; and the doctrine of *offset* cannot be applied to it, as the auditor asserts a right to do in this case. It is not liable to *attachment*, nor to be *garnisheed;* nor to assignment in bankruptcy, and, upon principles of *public policy*, it has absolute immunity from detention for debt or counter-claim."

The appellant in effect contends that the public policy as declared in the above case has been changed by statute adopted since 1885, when the above decision was announced.

This contention is based upon the provisions of Code § 8-449.1, the pertinent part of which is: "Unless otherwise exempted the wages and salaries of all employees of the State, *other than State officers*, shall be subject to garnishment or execution upon any judgment rendered against them. . . . . . ."

This statute was first adopted in 1900 (Acts of 1899-1900, 546) without the four words italicized. The 1919 Code Revisors amended the statute by adding the words "other than State officers", 1919

Code, § 6559. Notwithstanding the fact that this statute has been in effect since its adoption, this Court has consistently held that the salary of a constitutional officer is exempt from garnishment or attachment and has applied the principle stated in *Blair* v. *Marye, supra.*

The facts in *Board of Supervisors* v. *Coons,* 121 Va. 783, 94 S. E. 201, were that the board of supervisors of Culpeper county, by resolution, required the clerk to perform duties other than those imposed upon him by general law as a condition precedent to the payment of any part of his salary. In granting a petition for a mandamus to compel the board to pay him the salary without the condition attached we said:

"The principle applied in the case just cited *(Blair* v. *Marye)* is the same as that which is involved in the undertaking by a board of supervisors to withhold any action fixing the amount of, or (what is the same thing in effect) the undertaking by such board to place a condition or conditions upon the payment of the salary or compensation allowed by law to an officer whose office or position is not created by the board of supervisors but by law. Such an office or position is not the creature of the board of supervisors but of the law. By the law, therefore, and not by the board of supervisors, except as they may act in accordance with the law, must the salary or compensation of such office or position be fixed. . . . ." See *Fleming* v. *Anderson,* 187 Va. 788, 48 S. E. 2d 269.

The question whether the salary of a commonwealth's attorney is subject to garnishment was raised in *Kentucky Wholesale Co.* v. *R. E. Chase* (judgment debtor), Dickenson County and the Commonwealth, garnishees. It was conceded that Kentucky Wholesale Company held a valid judgment against R. E. Chase, the duly appointed and acting commonwealth's attorney for Dickenson County, and that the money sought to be attached was an obligation due him as such officer both by the county and the Commonwealth. The same trial judge who presided in the case now under consideration held in that case that the commonwealth's attorney of Dickenson County was a constitutional officer and that his salary was not subject to garnishment. This Court on October 15, 1947, approved the judgment of the trial court and refused to grant the petition for a writ of error. Writs of Error Refused, Record No. 2792. The same constitutional section (110) that makes the attorney for the Commonwealth a constitutional officer makes the sheriff such an officer.

Applying the doctrine of *stare decisis,* we affirm the judgment of

the trial court holding that the salary of a sheriff as a constitutional officer is not subject to garnishment, and remand the case for it to decide the undetermined issues raised by the pleadings.

*Affirmed and remanded.*