# CIRCUIT COURT OF DICKENSON COUNTY

L. N. Hilton

v.

B. Hobert Amburgey

June 9, 1958

BY JUDGE F. W. SMITH

This case is before the Court for decision on the motion of the defendant, B. Hobert Amburgey, to quash an execution issued from the Clerk's Office of Dickenson County, Virginia, on a decree of the Circuit Court of said County under which the plaintiff, L. N. Hilton, recovered judgment against B. Hobert Amburgey and the Virginia Surety Company, Inc., for the sum of $1,579.23 on December 7, 1942. The essential facts in accordance with an agreed stipulation briefly are as follows.

From this decree of the Circuit Court, an appeal was taken to the Supreme Court of Appeals by the Virginia Surety Company, Inc., and the decree of the Circuit Court was reversed by decree of the Supreme Court of Appeals, which is as follows:

Upon an appeal from and supersedeas to a decree entered by the Circuit Court of Dickenson County on the 7th day of December, 1942.

This day came again the parties, by counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid and arguments of counsel, is of the opinion for reasons stated in writing and filed with the record, that there is error in the decree appealed from. It is therefore adjudged, ordered, and decreed that the decree aforesaid be and it is hereby reversed and annulled and that the appellant recover of the appellees its costs by it expended about the prosecution of its appeal and supersedeas aforesaid here.

And this court proceeding to enter such decree as to it seems right and proper, it is adjudged, ordered, and decreed that L. N. Hilton recover of the Virginia Surety Company the sum of Two Hundred and Sixty-eight Dollars and eight cents, together with interest to be computed at the rate of six per centum per annum from the date of this decree until paid, and that the Clinchfield Lumber and Supply Company recover of the Virginia Surety Company the sum of Twenty-eight dollars and eighty-one cents, together with interest to be computed after the rate of six per centum per annum from the date of this decree until paid, and that the appellant, as the party substantially prevailing, recover of the appellees its costs by it expended in the said Circuit Court.

Which is ordered to be certified to the said Circuit Court.

The Virginia Surety Company paid L. N. Hilton the full amount of said judgment recovered in the Supreme Court of Appeals, and this judgment has been fully satisfied.

B. Hobert Amburgey, the other defendant in the lower court, took no appeal from the decree of the Circuit Court, and it is upon that judgment that the execution in question was issued. The question, therefore, for decision is whether or not the decree of the Circuit Court remained effective as to B. Hobert Amburgey after the decision by the Supreme Court of Appeals.

In order to have a better understanding of the situation, it is necessary to examine the opinion of the Supreme Court of Appeals, referred to in the stipulation of facts, which reversed the lower court, which is the case of *Virginia Surety Co. v. Hilton*, 181 Va. 952, 27 S.E.2d 62 (1943). That was a suit by L. N. Hilton against B. H. Amburgey, Administrator of the estate of J. H. Amburgey, deceased, for the sale of real estate of the deceased, wherein the plaintiff, Hilton, filed a supplemental bill alleging that the Administrator had been guilty of a breach of trust and had squandered the assets of the estate and asking for a judgment against the Virginia Surety Company, Inc., surety on the bond of said administrator, for the amount which he claimed had been wasted by the Administrator. The cause was referred to a commissioner in chancery, who made an accounting upon which the final decree of the Circuit Court was entered awarding the complainant, Hilton, judgment in the amount of $1,579.23 against B. H. Amburgey and his surety, the Virginia Surety Company, Inc. It was this decree which was reversed and annulled by the order of the Supreme Court of Appeals hereinbefore set forth. The higher court found that the Administrator was not guilty of any breach of his fiduciary duties and also found that the settlement of the account of the Administrator

by the commissioner of the Court made in compliance with the direction of the Court was incomplete and inaccurate and the higher court, after setting aside and annulling the decree of the lower court, proceeded to enter such judgment as to it seemed right and proper.

Section 6365 of the Va. Code of 1919, which is now § 8-493 of the Va. Code of 1950, gave the Supreme Court of Appeals full authority to enter such decree.

The case before the Circuit Court and the case before the Supreme Court of Appeals was one involving the proper accounting by B. H. Amburgey as Administrator of the estate of J. H. Amburgey and the liability of B. H. Amburgey and the Virginia Surety Company, Inc., stood upon the same ground and their rights were involved in the same question, and they were equally affected by the decree.

It is well established that where parties stand upon distinct and unconnected grounds, where their rights are separate and not equally affected by the same decree or judgment, an appeal by one will not bring up for adjudication the rights or claims of the other, but where the party who appeals and the party who does not appeal stand upon the same ground and their rights are involved in the same question and they are equally affected by the same decree or judgment, the Court will consider the whole case and settle the rights of the party not appealing as well as the one who brings the case up by appeal. *Walker's Ex'r v. Page*, 62 Va. (21 Gratt.) 636 (1872); *Saunders v. Grigg's Adm'r*, 81 Va. 506 (1886); *Southern Ry. Co. v. Glenn*, 102 Va. 529 (1904) (the principle being recognized on p. 534); Barton's *Chancery Practice*, p. 167, sec. 42; 3 Am. Jur. 695, *Appeal and Error*, § 1187.

The decree of the Supreme Court of Appeals, which reversed and annulled the decree of the Circuit Court upon which the execution was issued, effectively reversed and annulled the whole case both as to the Virginia Surety Company, Inc., and B. H. Amburgey. The motion to quash the execution will, therefore, be sustained.