400

## CIRCUIT COURT OF CAMPBELL COUNTY

Jerry A. Steele, Jr.

v.

Campbell County
Board of Supervisors
Ken Hudson,
and Robert Maxey

Case No. CL 95000337-00

BY JUDGE J. MICHAEL GAMBLE

February 28, 1996

I am writing to rule on the demurrer of each defendant in the above case. This case is an action for damages brought by the plaintiff arising out of the service of a show cause summons by Deputy Sheriff Ken Hudson, one of the defendants. On October 7, 1994, the plaintiff was arrested for failure to appear in the Circuit Court of Campbell County pursuant to an earlier show cause summons. Under the allegations of the Motion for Judgment, the plaintiff states that although the return of service on the show cause summons indicated that he had been served personally, he never received the show cause summons. He further alleges that, by virtue of the failure to serve the summons and correctly record the manner of service, he was arrested and held in jail for a period of seven days. The plaintiff's Motion for Judgment asserts that Deputy Hudson negligently failed to set forth the manner in which the show cause summons was served. It further alleges that the defendant, Sheriff Robert Maxey, negligently failed to insure that the service of the summons was properly recorded and returned to the court. It is also alleged in the

Motion for Judgment that Campbell County failed to insure that the Sheriff and Deputy Sheriff correctly made an accurate return of the show cause summons and that Campbell County is "vicariously negligent" for the actions of Sheriff Maxey and Deputy Hudson.

The Board of Supervisors of Campbell County filed a demurrer asserting that the plaintiff had failed to plead a cause of action upon which relief can be granted because the Board of Supervisors of Campbell County is independent of the Sheriff of Campbell County and therefore cannot be vicariously liable for the actions of the Sheriff or his deputy.

The defendants, Deputy Ken Hudson and Sheriff Robert Maxey, have filed a demurrer setting forth that each is immune from liability by virtue of the government function which each performs. Additionally, Sheriff Maxey and Deputy Hudson allege that the plaintiff is not entitled to recover beyond that specified in § 15.1-80 of the Code of Virginia.

For purposes of ruling on the demurrers, the Court accepts the factual allegations in the Motion for Judgment as being true.

I will turn first to the demurrer of the Board of Supervisors of Campbell County. This Court finds that the demurrer of the Board of Supervisors of Campbell County is sustained, and the cause of action against the Board of Supervisors of Campbell County is dismissed.

By virtue of Article VII, § 4, of the Constitution of Virginia, a Sheriff is a constitutional officer. In *Hilton v. Amburgey*, 198 Va. 727, 729, 96 S.E.2d 151 (1957), the Supreme Court of Virginia held that a sheriff is not an officer or employee of a county. As a constitutional officer, the sheriff serves independently of the municipal or county government, and even independent of the state government. *Sherman v. City of Richmond*, 543 F. Supp. 447 (1982).

As a result of the independence of the Sheriff from the Board of Supervisors of Campbell County, the Board of Supervisors of Campbell County cannot be held to be vicariously liable for the actions of the Sheriff or his representatives. Therefore, the demurrer must be sustained, and the Board of Supervisors is dismissed as a party to this litigation.

I will now turn to the demurrer of Sheriff Maxey and Deputy Hudson. As noted above, the first argument in this demurrer is grounded in the doctrine of sovereign immunity. In determining whether the doctrine of sovereign immunity acts as a bar to the cause of action against Sheriff Maxey, the Court must look to a series of cases starting with *Lawhorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569 (1973), which address the immunity of supervisory employees. In *Lawhorne* the Supreme Court of Virginia held that two hospital administrators at the University of Virginia Hospital were protected by the bar

of sovereign immunity. In *Banks v. Sellers*, 224 Va. 168, 294 S.E.2d 862 (1982), the Supreme Court of Virginia held that a division school superintendent and high school principal were immune under the doctrine of sovereign immunity in a suit alleging that they failed to provide a safe environment in a school. In *Bowers v. Commonwealth*, 225 Va. 245, 302 S.E.2d 511 (1983), the Supreme Court of Virginia held that a highway resident engineer was immune by virtue of sovereign immunity where the plaintiff alleged that he sustained injury on a culvert that was constructed by the Highway Department. In *Messina v. Burden*, 228 Va. 301, 310-11, 321 S.E.2d 657 (1984), the Supreme Court of Virginia held that the superintendent of buildings at a community college was entitled to protection of sovereign immunity in an action brought by a person who tripped and fell on a stairway located in the community college theater.

In each of the above cases, just as Sheriff Maxey in the instant case, the defendants were public employees who had supervisory capacity, and who were acting within the scope of their employment. Under the allegations of the instant case, the plaintiff alleges that Sheriff Maxey was acting in his official capacity as Sheriff at all times relevant to the cause of action and that Sheriff Maxey had a "duty to instruct and insure that Deputy Hudson" correctly recorded the manner in which the summons was served and to insure that any mistakes in service were corrected. Thus, under the allegations of the Motion for Judgment, which are accepted for purposes of the demurrer, it is clearly stated that the Sheriff was acting both in his official capacity and in a supervisory capacity. Thus, the demurrer must be sustained as to Sheriff Maxey, and the action against Sheriff Maxey is dismissed.

I will now turn to the demurrer filed on behalf of Deputy Hudson. In order to evaluate whether or not the doctrine of sovereign immunity applies to a public employee one must look to the test enunciated by the Supreme Court of Virginia in *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864 (1980), and reiterated by the Supreme Court of Virginia in *Messina v. Burden*, 228 Va. 301, 313, 321 S.E.2d 657 (1984). The test set forth in these cases is a test based upon four factors: (1) the nature of the function performed by the employee; (2) the extent of a state's interest and involvement in the function; (3) the degree or control and direction exercised by the state over the employee; and (4) whether the act complained of involved the use of judgment or discretion.

In the instant case, there is really no dispute that the first three factors are satisfied. The function of Deputy Hudson was clearly a governmental function. The Sheriff certainly had an interest and involvement in the function because the deputy was executing service of process as required by law. As is

admitted under paragraph 9 of the Motion for Judgment, the Sheriff exercises control and direction over Deputy Hudson in the performance of his function to serve legal process. Thus, the key issue is whether the act complained of, i.e. service of the show cause summons, involved the use of judgment and discretion. This Court finds that it does.

Deputy Sheriff Hudson, in his capacity as a server of court process, exercises the use of judgment and discretion. In serving process, a deputy may decide that the process should be served personally, by posting, or by delivery to a resident of the household. Likewise, the deputy must decide whether to try to continue to serve process when the recipient of the process cannot initially be found or to make a return to the court showing that the process was not served due to the inability to find the subject of the process. These actions involve discretion. Accordingly, this Court finds that all the elements of *Messina v. Burden* and *James v. Jane* apply, and the demurrer is sustained, and the action is dismissed as to Deputy Hudson.

Under the second allegation of the demurrer on behalf of Sheriff Maxey and Deputy Hudson, it is alleged that the plaintiff is not entitled to a recovery beyond that specified in Va. Code § 15.1-80. Although it is not necessary to rule on this issue, in order to complete ruling in this matter, this Court finds that this does not bar a cause of action by a plaintiff. This is merely a sanction that the court may impose on a sheriff who fails to comply with the statutory requirements for service of process. It does not address any civil liability, it merely addresses the responsibility of the sheriff to the court to properly execute and return its process.

April 4, 1996

I am writing this letter to render my opinion with reference to the supplemental motions filed by the plaintiff in the above case. I previously ruled by letter of February 28, 1996, that the demurrers of the defendants were sustained, and the actions dismissed. The Court, at that time, ruled upon the pleadings of the plaintiff which alleged that the defendants were guilty of simple negligence. In the letter opinion of February 28, 1996, I ruled that each defendant was protected by the bar of sovereign immunity.

Subsequent to that ruling the plaintiff filed three motions. The plaintiff filed a motion to reconsider the ruling on the demurrers. Plaintiff filed a motion for nonsuit. The plaintiff filed a motion to amend the pleadings. I will address each of these motions in the order set forth above.

First, I will not reconsider the ruling on the demurrers. This issue has been fully argued, and the Court has set forth its written opinion by letter of

February 28, 1996. Nothing in the motion or the subsequent arguments convinces me that the earlier decision should be changed.

Next, the defendant has moved for a nonsuit. This motion is overruled because it is not timely. Section 8.01-380 of the Code of Virginia provides that a party shall not be allowed to suffer a nonsuit unless the party does so before the action has been submitted to the Court for a decision. This matter was submitted to the Court for a decision on the demurrers. After the written decision was rendered dismissing the cases, the plaintiff filed the motion for a nonsuit. This is too late.

Next, I turn to the motion to amend the pleadings. The initial Motion for Judgment named the Board of Supervisors of Campbell County, Deputy Sheriff Ken Hudson, and Sheriff Robert Maxey as defendants. The plaintiff has conceded that the Board of Supervisors is properly dismissed. In its Amended Motion for Judgment, the plaintiff names Ken Hudson and Robert Maxey as defendants.

The initial Motion for Judgment alleged that both Deputy Hudson and Sheriff Maxey were guilty of simple negligence. The allegations in the Amended Motion for Judgment allege that both Deputy Hudson and Sheriff Maxey were "grossly" negligent. The Amended Motion for Judgment also alleges that Sheriff Maxey admitted in writing that the incarceration of the plaintiff was "the result of Deputy Hudson making a mistake indicating that the service was personal."

The Court is certainly cognizant of Rule 1:8 of the Rules of the Supreme Court of Virginia which provides that leave to amend shall be liberally granted "in furtherance of the ends of justice." In this case, I cannot find that the ends of justice will be served by allowing the amendment of these pleadings. The plaintiff has simply added the conclusory allegations of "gross negligence" to the original pleading. In considering a demurrer, a court must accept the facts pleaded as being true. Even accepting the facts pleaded in the Amended Motion for Judgment, it does no more than make an allegation of simple negligence. In fact, paragraph 12 of the Amended Motion for Judgment states that Sheriff Maxey has admitted that the incorrect return was "a mistake." There is nothing in the allegations to indicate that the failure to make the proper return was anything but a mistake constituting simple negligence. As the Court has previously ruled in the opinion letter of February 28, 1996, both Sheriff Maxey and Deputy Hudson are protected by the bar of sovereign immunity in a simple negligence action.

In his argument, the plaintiff appears to focus on the unfortunate result in the failure to make the correct return as being support for the allegation of gross negligence. The focus, however, must be upon the act itself. Even

accepting the pleadings as true, the Court finds no allegation that the failure to make a correct return of the show cause rule was anything other than simple negligence. Accordingly, I will not allow the amendment of the pleadings because the pleadings still make allegations of simple negligence.

In view of the additional rulings pursuant to this letter, the Order should be redrafted to reflect the rulings in this letter on the motion to reconsider, motion for nonsuit, and the motion to amend the pleadings.