## CIRCUIT COURT OF FAIRFAX COUNTY

James G. Connell, III

    v.

Andrew Kersey

### Case No. (Law) 188052

BY JUDGE JANE MARUM ROUSH

### May 23, 2000

This case arises under Virginia's Freedom of Information Act, Va. Code § 2.1-340 et seq. ("FOIA"). A hearing was held on May 19, 2000, on the writ of mandamus filed by petitioner James G. Connell, III, against Andrew J. Kersey and the respondent's demurrer and plea in bar. At that time, the Court took the matter under advisement. The Court has now considered fully the pleadings and arguments of counsel. For the reasons stated below, the writ of mandamus will be denied as moot, the plea in bar will be overruled, and the demurrer will be sustained.

*Facts*

The facts of this case may be briefly summarized. The petitioner Mr. Connell is an assistant public defender in Fairfax County. The respondent Mr. Kersey is an assistant commonwealth's attorney. Mr. Connell is the counsel

of record for the accused in a criminal case being prosecuted by Mr. Kersey styled as *Commonwealth v. Ahmed Shireh*, Criminal No. 97576.

The facts alleged in the petition for writ of mandamus are as follows. On April 12, 2000, the date of the preliminary hearing in the case of *Commonwealth v. Shireh*, Mr. Connell saw Mr. Kersey holding a police report or reports containing criminal incident information about a carjacking allegedly committed by Mr. Shireh on March 21, 2000. On April 17, 2000, Mr. Connell hand-delivered and mailed to Mr. Kersey a written request for copies of:

> any and all personnel, arrest, investigative, reportable incidents, and noncriminal incidents records, as defined in Code § 15.2-1722, as well as any other records containing criminal incident information, as defined in Code § 2.1-342.2, concerning the alleged carjacking by Ahmed Shireh on or about March 21, 2000.

Mr. Kersey called Mr. Devine on April 17th upon receiving the request, and the two discussed the requirements of FOIA.

On April 28, 2000, Mr. Connell's attorney wrote Mr. Kersey and asked again for the criminal incident information. Mr. Kersey was notified that if the documents were not forthcoming, Mr. Connell would seek a writ of mandamus. Further correspondence between Mr. Kersey and Mr. Connell's counsel ensued. By letter dated May 8, 2000, Mr. Kersey summarized the information contained in the police reports. As of May 9, 2000 (the date the petition for a writ of mandamus was filed), Mr. Kersey had not provided Mr. Connell with any original documents responsive to the request.

It is not disputed that Mr. Connell's client, Mr. Shireh, is presently incarcerated in the Fairfax County Adult Detention Center. It is also stipulated Mr. Connell is a Virginia resident.

### Petition for Writ of Mandamus, Plea in Bar, and Demurrer

Mr. Connell seeks a writ of mandamus to compel production of the criminal incident information, as well as a civil penalty for Mr. Kersey's willful violation of FOIA.

In response to the petition for a writ of mandamus, Mr. Kersey filed a plea in bar and a demurrer. In his plea in bar, Mr. Kersey argues that FOIA is not available to Mr. Connell as his client, Mr. Shireh, is presently incarcerated. In

his demurrer, Mr. Kersey maintains that "complaints, memoranda, correspondence, and evidence relating to a criminal investigation or prosecution" are exempt from disclosure under FOIA, citing Code § 2.1-342.2(F)(1). Third, Mr. Kersey argues in his demurrer that although criminal incident information is subject to disclosure under FOIA, the law imposes no time limits for disclosure on commonwealth's attorneys, who are not members of a "public body." Similarly, Mr. Kersey contends that he is not subject to a civil penalty for violation of FOIA because he is not a member of a "public body."

## Applicable Law

A writ of mandamus is one remedy authorized when a person is denied rights granted by FOIA. A writ of mandamus, however, "is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of sound judicial discretion. One of the elements necessary before a writ of mandamus issues is the clear right of the petitioner to the relief being sought." *Lawrence v. Jenkins*, 258 Va. 598, 602-03, 521 S.E.2d 526 (1999) (internal citations and quotations omitted).

The question for the Court, therefore, is whether Mr. Connell has a clear right to the relief being sought.

With respect to the plea in bar, the Court disagrees with Mr. Kersey that the FOIA is not available to Mr. Connell simply because his client, Mr. Shireh, is incarcerated. Mr. Kersey accurately quotes Code § 2.1-242.01(C) to the extent that it states that "[n]o provision of this chapter shall be construed to afford any rights to any person incarcerated in a state, local, or federal correctional facility . . . ." Mr. Kersey, however, fails to quote the remainder of that section, which states:

However, this subsection shall not be construed to prevent an incarcerated person from exercising his constitutionally-protected rights, including, but not limited to, his rights to call for evidence in his favor in a criminal prosecution.

Therefore, it is not accurate to state, as Mr. Kersey does, that FOIA can never be invoked by incarcerated persons. If the Court were to accept Mr. Kersey's interpretation of FOIA, Mr. Shireh would be entitled to seek information under FOIA if he was able to post bond and remain unincarcerated pending trial, but he cannot resort to FOIA because he is (presumably) unable to post bond. Surely the General Assembly did not intend such an anomalous result,

dependent in part on the financial resources of the criminal defendant. A more reasonable interpretation of Code § 2.1-242.01(C), when read in its entirety, is that FOIA is not available to an incarcerated person whose criminal prosecution has concluded. See, e.g., Code § 2.1-352.2(F)(6) that exempts from disclosure "records of persons imprisoned in penal institutions in the Commonwealth provided such records relate to the imprisonment." For those reasons, the plea in bar will be overruled.

Although Mr. Kersey accurately quotes Code § 2.1-342.2(F)(1) that "complaints, memoranda, correspondence, and evidence relating to a criminal investigation or prosecution" are exempt from disclosure, he fails to quote the remaining portion of that sentence that carves out an exception for "criminal incident information as defined in subsection [2.1-342.2]A." In other words, "criminal incident information" is subject to disclosure under FOIA, unless certain exceptions apply. "Criminal incident information" is defined as "a general description of the criminal activity reported, the date and general location the alleged crime was committed, the identity of the investigating officer, and a general description of any injuries suffered or property damaged or stolen." Code § 2.1-342.2(A).

Code § 2.1-342.2(B) provides that upon request, a "law enforcement official" shall disclose "criminal incident information" unless it would be "likely to jeopardize an ongoing investigation or prosecution, or the safety of an individual; cause a suspect to flee or evade detection; or result in the destruction of evidence . . . ." Mr. Kersey makes no allegation that the criminal incident information sought by Mr. Connell is exempt from disclosure under subsection (B).

Furthermore, the statutory definition of a "law enforcement official" who must disclose a "criminal incident information" (unless exempt) specifically includes commonwealth's attorneys. Code § 2.1-342.2(A).

Finally, the Court rejects Mr. Kersey's argument that criminal discovery is governed exclusively by Rule 3A:11 of the Rules of the Supreme Court of Virginia which controls over any contrary provision of FOIA. Code § 2.1-342.2(H) expressly provides that in the event of any conflict between § 2.1-342.2 as it relates to requests made under that section and other provisions of law, "this section shall control."

In short, the Court concludes that the commonwealth's attorney is required to disclose to a defendant, whether or not incarcerated prior to trial, "criminal incident information" unless it is subject to one of the exemptions in Code § 2.1-342.2(B).

Mr. Kersey maintains that he has provided criminal incident information in his May 8, 2000, letter to Mr. Connell's attorney. In that letter, Mr. Kersey

summarized the police report(s) and included a general description of the alleged offense, the location of the alleged offense, the name of the investigating officer, and the fact that the victim claimed no injury or property loss. Mr. Connell argues that he is entitled to the original documents pursuant to which Mr. Kersey prepared his May 8th letter. Code § 2.1-242(D) provides that no "public body" shall be required to "create a new [public] record if the record does not already exist" but "a public body may abstract or summarize information under such terms and conditions as agreed between the requester and the public body." Mr. Connell has agreed to nothing but disclosure of the original documents which taken together comprise the criminal incident information related to his client's pending charge.

The Court disagrees with Mr. Connell's argument for two reasons. First, as the Court interprets FOIA, a criminal incident information under Code § 2.1-342.2(A) is not synonymous with a "public record" as defined in Code § 2.1-341. By its very definition, criminal incident information is a "general description" of the crime alleged, the "general location" of the crime, and a "general description" of the injuries or loss suffered as a result of the crime. The General Assembly clearly envisioned that a criminal incident information would consist of a summary as prepared by Mr. Kersey rather than the original police reports or victim or witness statements that Mr. Connell seeks.

Secondly, the Court agrees with Mr. Kersey that the commonwealth's attorney's office is not a "public body" as that term is defined in Code § 2.1-341. Under that code section, a "public body" means "any legislative body; any authority, board, bureau, commission, district, or agency of the Commonwealth or any political subdivision of the Commonwealth including cities, towns, and counties . . . ." Mr. Kersey's office is not a legislative body, authority, board, bureau, commission, district, or agency of the Commonwealth of Virginia or of Fairfax County. Instead, the commonwealth's attorney is a constitutional officer. Va. Const. Art. VII, § 4. See also *Hilton v. Amburgey*, 198 Va. 727, 96 S.E.2d 151 (1957); *Burnett v. Brown*, 194 Va. 103, 72 S.E.2d 394 (1952); the fact that the commonwealth's attorney's salary is paid by public funds does not render the office a "public body" as that term is defined in FOIA.

In that the commonwealth's attorney's office is not a public body, Mr. Kersey is not subject to the five-day requirement for a response imposed by Code § 2.1-342. The Court concludes that the time periods imposed by that section apply to requests for "public records" made to "public bodies."

Similarly, because he is not a member of a public body, Mr. Kersey is not subject to the penalties imposed for violation of FOIA by Code § 2.1-346.1, which is limited to members of public bodies. Even if Mr. Kersey were subject

to the penalties contained in Code § 2.1-346.1 by virtue of the cross-reference in that section to Code § 2.1-342.2, the Court finds that Mr. Kersey did not "willfully and knowingly" violate his obligations under FOIA.

The Court concludes that Mr. Kersey complied with the requirements of Code § 2.1-342.2 within a reasonable time. Specifically, Mr. Kersey's letter to Mr. Connell's counsel dated May 8, 2000, satisfied his statutory duties under FOIA. It contains "a general description of the criminal activity reported, the date and general location the alleged crime was committed, the identity of the investigating officer, and a general description of any injuries suffered or property damaged or stolen." As such, it is a criminal incident information.

The Court finds that Mr. Kersey, Mr. Connell, and Mr. Connell's attorney embarked on a good faith effort to resolve the obligations of the commonwealth's attorney's office under Code § 2.1-342.2, that Mr. Kersey complied with FOIA by disclosing a criminal incident information within a reasonable period of time, and that the writ of mandamus should therefore be dismissed as moot. The demurrer will be sustained to the extent it avers that the commonwealth's attorney's office is not a public body under FOIA and that Mr. Kersey is not a member of a public body.

## June 28, 2000

This matter is before the Court on the petitioner James G. Connell, III's Motion to Reconsider Denial of Writ of Mandamus and respondent Andrew Kersey's opposition to the Motion to Reconsider. For the reasons stated below, the motion to reconsider will be denied.

The facts of this case were fully set forth in the Court's opinion letter of May 23, 2000, and will not be repeated here.

Mr. Connell asks the Court to reconsider its ruling that the commonwealth's attorney's office of Fairfax County is not a "public body" as that term is defined in Virginia's Freedom of Information Act, Va. Code § 2.1-340 et seq. ("FOIA"). Mr. Connell states that FOIA "is expressly intended to reach *all* public officials at *every* level of government, with only narrow limited exceptions." Motion to Reconsider at 3 (emphasis in original). The Court does not doubt that the Virginia General Assembly intended a broad application of FOIA. In fact, in its prior ruling in this case, the Court found that the commonwealth's attorney is subject to FOIA. Specifically, the Court ruled in its May 23, 2000, opinion letter as follows:

In short, the Court concludes that the commonwealth's attorney is required [under FOIA] to disclose to a defendant, whether or not incarcerated prior to trial, "criminal incident information" unless it is subject to one of the exemptions in Code § 2.1-342.2(B).

The Court disagrees with Mr. Connell's position, however, that every person whose salary is paid with public funds is a member of a "public body" as that term is defined in FOIA. That is too broad and facile a reading of FOIA.

While Mr. Connell's argument has a certain surface appeal, it does not withstand scrutiny. The term "public body" is a defined term under FOIA; it is not used in its everyday sense. To be a "public body" under FOIA means more than simply making one's records available to the public. A "public body" must, for example, hold its meetings in public. Code §§ 2.1-340.1; 2.1-343(A). Notices of those meetings must be posted publicly at least three working days before the meeting. Code § 2.1-343(A). Any person may photograph, film, or record the public meeting. Code § 2.1-343(H). Minutes of the meeting must be kept. Code § 2.1-343(I). Any person may file annually a written request to be notified of all public meetings of the public body, and, thereafter, the public body must notify that person directly of all of its meetings. Code § 2.1-343(E). No vote of a public body authorizing the transaction of any public business may be taken except at a meeting of the public body. Code § 2.1-343.2.

Under Mr. Connell's reasoning that "*all* public officials at *every* level of government" are members of public bodies under FOIA, the public defender's office of Fairfax County is a public body, and he, as an assistant public defender, is a member of that body. If such is the case, anytime the attorneys in Mr. Connell's office meet, they must publicly advertise their meeting, which must be open to all members of the public (including any prosecutors who might choose to attend). Similarly, Mr. Connell's position would require all meetings of the prosecutors in the commonwealth's attorney's office, the judges of this Court, and the justices of the Supreme Court of Virginia (all of whom are state or county employees) to be public. No fair minded person would think that a meeting of the public defender's office has to be open to prosecutors; or that meetings of the commonwealth's attorneys must be publicly advertised; or that members of the public may attend a conference of the justices of the Supreme Court of Virginia in which they discuss pending cases. Yet such would be the effect if Mr. Connell is correct that "*all* public officials at *every* level of government" are members of public bodies under FOIA.

The case of *Tull v. Brown*, 255 Va. 177, 494 S.E. 855 (1998), cited by Mr. Connell, does not support the sweeping conclusion that he advocates that all constitutional officers are members of a "public body" under FOIA. In that case, the Sheriff of Surry County *stipulated* that his office was a public body under FOIA. 255 Va. at 181. Therefore, the Virginia Supreme Court did not decide whether the sheriff, as a constitutional officer, was a member of a "public body" as that term is defined in FOIA.

The Court concludes that the General Assembly made certain specific provisions of FOIA applicable to commonwealth's attorneys and that Mr. Kersey has complied with those provisions. Had the General Assembly intended to make every person whose salary is paid with public funds a member of a "public body" (with all of the concomitant obligations of a public body under FOIA), it would have done so in express terms.

For the foregoing reasons, Mr. Connell's Motion to Reconsider will be denied.

In a related matter, the Court denies Mr. Connell's motion to have the original police reports he seeks placed under seal as part of the record of this case. The Court's rulings have been in no way dependent on the content of the police reports, and therefore, there is no need to make them part of the record in this case.