679 F.2d 1090
 4 Ed. Law Rep. 1060
 Raymond ROBERTSON, Appellant,
v.
R. E. ROGERS, individually and as Superintendent of Martin
County Schools; M. M. Holiday, individually and as Chairman
of the Martin County Board of Education; James Harry Wynn,
Mrs. Denice Smith, Warren Ward, David Whitley, Larry Chesson
and Zack Gurkin, individually and as Members of the Martin
County Board of Education, Appellees.
 No. 81-1692.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 30, 1982.
Decided June 4, 1982.
 
 Willis A. Talton, Greenville, N. C., for appellant.
 Thomas N. Barefoot, Raleigh, N. C. (C. Ernest Simons, Jr., Raleigh, N. C., on brief), for appellees.
 Before HAYNSWORTH, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.
 HAYNSWORTH, Senior Circuit Judge:
 
 
 1
 Robertson appeals from the district court's dismissal of his section 1983, 42 U.S.C.A. § 1983, action against the superintendent of the Martin County schools and members of the Martin County school board for unconstitutionally depriving him of liberty and property interests protected by the Fourteenth Amendment. Robertson's claim was based on the circumstances surrounding the defendants' decision not to renew his employment contract as an assistant superintendent. In a Memorandum and Recommendation, a magistrate recommended that Robertson's action be dismissed on the ground that it was barred by the applicable three-year statute of limitations and on the ground that Robertson had "failed to assert a constitutionally protected property or liberty interest in his continued employment sufficient to invoke due process safeguards." The district court accepted the magistrate's recommendation and entered judgment for the defendants.
 
 
 2
 We affirm.
 
 
 3
 The district court properly concluded that Robertson did not have a protected property interest in his continued employment. No statute created such an interest, nor did the employment contract itself. There was no written school policy creating an expectation of continued employment. The fact that Robertson was employed for eleven years, pursuant to a series of two-year contracts, is not sufficient to create a protected property interest in continued employment.
 
 
 4
 Robertson argues that the reports of incompetence, on which the Board's decision to abolish his job and not to renew his contract were based, and the superintendent's alleged subsequent statements to prospective employers that Robertson's contract had not been renewed because of "incompetence and outside activities" gave rise to a liberty interest that he was entitled to protect at a "name-clearing" hearing. Robertson relies principally on the following language in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972):
 
 
 5
 The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For "(w)here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." ... In such a case, due process would accord an opportunity to refute the charge before University officials. In the present case, however, there is no suggestion whatever that the respondent's "good name, reputation, honor, or integrity" is at stake.
 
 
 6
 Id. at 573, 92 S.Ct. at 2707 (citations omitted) (footnote omitted).
 
 
 7
 Later, in Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Court held that the plaintiff did not have a liberty interest sufficient to invoke due process safeguards when the local police department had circulated a flyer to local merchants listing him as an active shoplifter. In the Court's view, defamation, standing alone, does not deprive a plaintiff of any protected liberty interest. In dictum, however, the Court did indicate that if the defamation occurred in the course of terminating a plaintiff's employment, then the plaintiff could be deprived of a protected liberty interest. Id. at 710, 96 S.Ct. at 1165. See also Codd v. Velger, 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977). Of course, there was no such disparagement of Robertson's character.
 
 
 8
 In this case, the actual decision of the Board is shielded by Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), which held that private communication of the reasons for an employee's discharge "cannot properly form the basis for a claim that (a plaintiff's) interest in his 'good name, reputation, honor, or integrity' was thereby impaired." Id. at 348, 96 S.Ct. at 2079 (footnote omitted). Here, the Board voted to abolish Robertson's position, but job performance was not mentioned at the public meeting.
 
 
 9
 If it is assumed, and such an assumption is not necessarily supported by the record, that the superintendent told prospective employers that Robertson was terminated for "incompetence and outside activities," this does not amount to the type of communication which gives rise to a protected liberty interest. See Sigmon v. Poe, 564 F.2d 1093, 1096 (4th Cir. 1977); Gray v. Union County Intermediate Education District, 520 F.2d 803, 806 (9th Cir. 1975). Allegations of incompetence do not imply the existence of serious character defects such as dishonesty or immorality, contemplated by Roth, supra, and are not the sort of accusations that require a hearing. It is noteworthy that the Court's dictum in Paul v. Davis, supra, was made within the context of allegations of criminality. In this case, the superintendent's alleged statements did not involve an attack on Robertson's integrity or honor. They certainly were not so serious in any respect as to require a hearing. It should be noted that Robertson obtained one job he sought despite the superintendent's alleged comments.
 
 
 10
 Finally, we note that statements like those allegedly made by the superintendent to prospective employers were privileged at common law. See Restatement (Second) of Torts § 595 (1977).
 
 
 11
 In light of the foregoing, it is clear that the superintendent's alleged statements to prospective employers did not violate a protected liberty interest.
 
 
 12
 Because Robertson failed to assert a liberty or property interest protected under the Fourteenth Amendment, we affirm the decision of the district court.
 
 
 13
 AFFIRMED.