Angie SHERMAN

v.

CITY OF RICHMOND, et al.

Civ. A. No. 82–0250–R.

United States District Court,
E. D. Virginia,
Richmond Division.

July 28, 1982.

Angie Sherman, pro se.

William H. Hefty, James R. Saul, Asst.
City Atty., Gerald L. Baliles, Atty. Gen., of
Va., William G. Broaddus, Chief Deputy

Atty. Gen., Dennis G. Merrill, Malcolm R. West, Asst. Attys. Gen., James W. Hopper, Baugh, Horwitz & Hopper, Richmond, Va., for defendants.

## OPINION

WARRINER, District Judge.

This action was filed under 42 U.S.C. § 1983 for alleged violation of plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution. Presently, the Court has before it the defendants' Commonwealth of Virginia and City of Richmond motions to dismiss the action and the defendant Richmond Sheriff's Department's motion for summary judgment.

The plaintiff in this action, Angie Sherman, was employed as a Deputy Sheriff of the City of Richmond by the Richmond Sheriff's Department pursuant to Va.Code § 15.1–48. On 7 December 1980 plaintiff injured her back when she fell down some steps at the City Jail. Following this injury plaintiff was disabled for approximately one month before returning to work at the City Jail and being assigned light duties. On 23 February 1981 plaintiff reinjured her back at the City Jail while attempting to subdue an inmate. Following the reinjury plaintiff was again disabled for approximately one month. It is not clear from the record before the Court whether plaintiff returned to work and resumed light duties after the 23 February 1981 injury to her back. Nevertheless, it is clear from the record that plaintiff was offered selective work in the control tower following the 23

February 1981 injury. On 6 May 1981 plaintiff communicated her refusal to accept the selective work in the control tower stating that she continued to be disabled from the 23 February 1981 injury to her back. Plaintiff received full salary in lieu of compensation from 7 December 1980, the date of the original injury, through 6 May 1981, the date plaintiff refused the assignment to selective work in the control tower. Plaintiff was removed from the payroll on 6 May 1981.

Following her removal from the payroll, plaintiff sought and was granted review before the Virginia Industrial Commission. On 14 July 1981 the Hearing Commissioner rejected plaintiff's claim and found that plaintiff had no compensable incapacity after March 1981 and that there was no evidence of incapacity to perform the selective assignment offered to plaintiff and declined by plaintiff as of 6 May 1981. This finding was reviewed before the full Industrial Commission on 28 August 1981. In an opinion dated 13 November 1981, the Industrial Commission affirmed the decision of the Hearing Commissioner and found "that as of May 6, 1981, the [plaintiff] was offered selective employment within her work capacity which was unjustifiably refused and that no further compensation is due during such unjustified refusal. . . ." *Angie Sherman,* No. 100–37–88, at 4 (Nov. 13, 1981).[1] By letter dated 2 February 1982 plaintiff received notice from Robert Cumbea, Chief Jailor, that she had been discharged from her position as Deputy Sheriff as of 13 November 1981, the date of the Industrial Commission's decision. The letter cited the

---

1. Plaintiff was represented by counsel before the Virginia Industrial Commission. In her complaint plaintiff states that she did not receive notice of the Industrial Commission's decision until 15 December 1981 which, plaintiff asserts, was "too late for an appeal." Rule 5:19(b) of the Rules of the Supreme Court of Virginia requires that notice of an appeal from the Industrial Commission be filed with the clerk of the Virginia Supreme Court "within fifteen days after entry of the order . . ., or within fifteen days *after receipt of notice by registered mail* of the order. . . ." (emphasis added). An appeal from an *award* of the Industrial Commission must be filed within thirty days of the award or notice of the award. Va.Code § 65.1–98. Thus, while the record is silent on this point, it is possible that on 15 December 1981 plaintiff still could have filed an appeal of the Industrial Commission's decision with the Virginia Supreme Court. In any event, this Court is not the proper forum to review the Industrial Commission's decision. Nor may this Court relitigate the issues litigated before the Virginia Industrial Commission as long as the record shows that plaintiff was afforded a full and fair adjudication. *See Pettus v. American Airlines, Inc.,* 587 F.2d 627, 629 (4th Cir. 1978).

Industrial Commission's decision and concluded that plaintiff's failure to accept the defendant Sheriff Department's offer of selective work was grounds for termination. In a letter dated 23 February 1982 from Andrew Winston, Richmond Sheriff, plaintiff was again notified of the reason for her termination and was informed that there would be no administrative hearing regarding her termination.

The plaintiff filed this action on 7 April 1982. The defendants Commonwealth of Virginia and City of Richmond filed motions to dismiss the action on 30 April 1982 and 18 May 1982, respectively. On 10 May 1982 the defendant Richmond Sheriff's Department filed a motion for summary judgment. These motions are now ripe for decision.

■ The defendant City of Richmond's motion to dismiss and the defendant Commonwealth of Virginia's motion to dismiss must both be granted because the plaintiff has failed to state a cognizable claim against either defendant. Neither the City of Richmond nor the Commonwealth of Virginia is responsible for the actions of the Sheriff of the City of Richmond. The Sheriff holds his office by virtue of Article 7, Section 4, of the Virginia Constitution. "[A] sheriff is a constitutional officer and his duties are regulated and defined by [State] statute." *Hilton v. Amburgey*, 198 Va. 727, 729, 96 S.E.2d 151, 152 (1957). Cf. *Newport News Fire Fighters Ass'n. v. City of Newport News*, 307 F.Supp. 1113, 1116 (1969) ("A Commonwealth's Attorney is a constitutional officer of the Commonwealth of Virginia . . . [h]e is not an officer or employee of a county").

As a constitutional officer, the Sheriff serves independent of the municipal or county government and independent of the State government. *See DeMier v. Arlington County*, No. 80–1086–A, at 5 (E.D.Va. May 12, 1981). Cf. *Lawhorne v. Fletcher*, No. 80–420–A, at 2–3 (E.D.Va. Aug. 12, 1980), aff'd, 673 F.2d 1312 (4th Cir. 1982) (the actions of elected State officials, such as the Commonwealth's Attorney and the County Commissioner of Revenue ". . . can

in no way be attributed to [the] County"). "Sheriffs . . . do not hold their offices by virtue of the authority of the General Assembly *or* by virtue of authority of a municipality or county." *Hilton v. Amburgey*, 198 Va. 727, 729, 96 S.E.2d 151, 152 (1957) (emphasis added). Clearly, then, neither the City of Richmond nor the Commonwealth of Virginia is responsible for the actions of the Richmond Sheriff's Department, nor does the City or the State have any control over the actions of the Sheriff of the City of Richmond. Therefore the defendant City of Richmond's motion to dismiss and the defendant Commonwealth of Virginia's motion to dismiss are GRANTED because plaintiff has failed to state a claim against either defendant for which relief can be granted. Fed.R.Civ.P. 12(b)(6).

■ The next issue before the Court is the Richmond Sheriff's Department's motion for summary judgment. The question presented on a motion for a summary judgment is whether there is a genuine issue as to any material fact in the case. Fed.R. Civ.P. 56(c). Once one party files a properly supported motion for summary judgment, the other party ". . . may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. In this action no material facts are in dispute. The Court concludes that there is no genuine issue as to any material fact and that the defendant Richmond Sheriff's Department is entitled to judgment as a matter of law.

Plaintiff alleges that the Sheriff of the City of Richmond violated plaintiff's rights guaranteed by the Due Process Clause of the Fourteenth Amendment by ". . . refusing to grant the plaintiff a hearing and terminating her from her job without reasonable cause." The essence of plaintiff's allegation is that she was deprived of her property and liberty interests without due process of law. However, before any process is due under the Fourteenth Amendment, plaintiff must establish that she had a property or liberty interest which was

violated. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

The origin of property interests is quite clear. "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as State law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Arnett v. Kennedy*, 416 U.S. 134, 151, 94 S.Ct. 1633, 1642, 40 L.Ed.2d 15 (1974), *quoting, Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Clearly then the source of plaintiff's alleged property interests, if any, is State law.

 The plaintiff was appointed as a Deputy Sheriff of the City of Richmond pursuant to Section 15.1–48 of the Code of Virginia which states that "... the Sheriff of any county or city ... may ... appoint one or more deputies who may discharge any of the official duties of their principal .... Any such deputy may be removed from office by his principal." Thus, the plaintiff served as a Deputy Sheriff at the will of the defendant Sheriff and was subject to discharge at any time. *Hopkins v. Dolinger*, 453 F.Supp. 59, 63 (1978). To have a property interest in a benefit, such as employment, one must have "... a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In the context of property interests in employment, an employee must have "... a suffi-

cient expectancy of continued employment to constitute a protected property interest." *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1977); *Robertson v. Rogers*, 679 F.2d 1090, 1091 (4th Cir. 1982). In *Bishop v. Wood* the Supreme Court held that an individual who is employed "... at the will and pleasure of ..." their employer does not have a property interest protected by the Fourteenth Amendment, therefore the procedural requirements of due process do not apply. *Id.* at 346–47, 96 S.Ct. at 2078–2079. This Court concludes, then, that Angie Sherman held her position as a Deputy Sheriff at the will of the Sheriff of the City of Richmond and did not have reasonable expectations of continued employment sufficient to constitute a property interest under the Due Process Clause of the Fourteenth Amendment.

 As noted above, the procedural requirements of due process also apply to the deprivation of an employee's liberty interests. "Only if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination is such a hearing required." *Codd v. Velger*, 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977). A "... private communication of the reasons for an employee's discharge 'cannot properly form the basis for a claim that [a plaintiff's] interest in his 'good name, reputation, honor, or integrity' was thereby impaired.'" *Robertson v. Rogers*, 679 F.2d 1090, 1091 (4th Cir. 1982), *quoting, Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). There is no claim or suggestion that defendant Richmond Sheriff's Department disseminated any information about the plaintiff's termination to anyone but the plaintiff and her lawyer.[2] Nor is there

---

**2.** Clearly the defendant Richmond Sheriff's Department also released information about the plaintiff's termination to the Virginia Industrial Commission. However, release to the Industrial Commission is required by State law. Va. Code § 65.1–23. No liberty interest was implicated by this release of information to the Industrial Commission. *Cf. Robertson v. Rogers*, 679 F.2d 1090, 1091 (4th Cir. 1982) (Even "[i]f

it is assumed ... that the [employer] told prospective employers that [the employee] was terminated for 'incompetence and outside activities,' this does not amount to the type of communication which gives rise to a protected liberty interest .... Allegations of incompetence do not imply the existence of serious character defects such as dishonesty or immo-

any assertion that any false or defamatory information about the plaintiff or her termination was released. Clearly then, from the record before the Court, plaintiff's termination by the Richmond Sheriff's Department in no way deprived plaintiff of her liberty interests under the Fourteenth Amendment.

Since it is clear that plaintiff had neither a property interest nor a liberty interest in her employment as a Deputy Sheriff of the City of Richmond, the Court concludes that the plaintiff is not protected by the procedural requirements of the Fourteenth Amendment's Due Process Clause. "The Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood*, 426 U.S. 341, 350, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976). For the reasons stated above, the defendant Richmond Sheriff's Department's motion for summary judgment will be GRANTED.

An appropriate order shall issue.

rality ... and are not the sort of accusations that require a hearing").