Karen S. HIMPLE, Plaintiff,

v.

Deputy Thomas MOORE, et al., Defendants.

Civ. A. No. 87-0334-R.

United States District Court, E.D. Virginia, Richmond Division.

Nov. 24, 1987.

Wayne M. Mansulla, Washington, D.C., for plaintiff.

James W. Hopper, Warren H. Britt, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

### MEMORANDUM.

This matter is before the Court on defendants' motion to dismiss under Rule 12(b)(6) F.R.Civ.P. The motion has been fully briefed and is ripe for disposition. Jurisdiction is premised on 28 U.S.C. §§ 1331 and 1343.

*Background*

In ruling on a motion to dismiss, the Court accepts the factual allegations in plaintiff's complaint as true. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972). Furthermore, all inferences are construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Plaintiff Karen Himple brought this action individually, as administratrix of her husband's estate, and as personal representative of her husband's next of kin. Defendants are the Greensville County Sheriff, Deputy Sheriff Thomas Moore, unknown Deputy Sheriffs and Greensville County (the "County").

According to plaintiff's complaint, on May 6, 1985, a member of decedent's family called the Greensville County Sheriff's Office to report that decedent was acting in a bizarre manner. After a deputy sheriff arrived at decedent's house, an altercation developed between the deputy and decedent. The sheriff and several more deputies arrived. Decedent was handcuffed, and deputies applied pressure to decedent's stomach and neck. Decedent had a cardiac arrest and died the next day.

Plaintiff brought this action under 42 U.S.C. §§ 1983 and 1988, alleging violations of decedent's rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also brought claims for wrongful death, loss of consortium and punitive damages.

*Merits*

### I.

Defendants argue that defendant Greensville County cannot be held liable for the acts of the County Sheriff or his deputies. Defendants have cited unrebutted authority that states that, in Virginia, the sheriff is a constitutional officer who serves independent of county and city governments. *Sherman v. City of Richmond*, 543 F.Supp. 447, 449 (E.D.Va.1982).

Local governments will be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2038–39, 56 L.Ed.2d 611 (1978). Where an official has been granted the authority to establish final government policy, the government will be liable for the effects of that policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 1299–1300, 89 L.Ed.2d 452 (1986). In addition, "whether an official had final policymaking authority is a question of state law." *Pembaur*, 106 S.Ct. at 1300.

Under Virginia law, the Sheriff has been granted the authority to make policy for the Sheriff's Department, not for the County. Thus, while local governmental entities may be held liable under § 1983, the County is not the proper party here. As a result, Greensville County will be dismissed.

### II.

Defendants' next argument relates to the difficulty in identifying the source of the constitutional right to be free from exces-

sive force employed by state police. Plaintiff's complaint alleges violations of decedent's rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. Defendants concede that a Fourth Amendment violation has been properly alleged, but disputes that any other rights are implicated.

The Court has not found any factual allegation that supports the claimed violations of decedent's First and Eighth Amendment rights. Nor did plaintiff bring any to the Court's attention. Accordingly, the claims as they relate to the First and Eighth Amendments will be dismissed.

Defendants' arguments regarding the Fourth, Fifth and Fourteenth Amendments are interrelated. In sum, they assert that the Fifth Amendment is implicated only insofar as it describes substantive due process under the Fourteenth Amendment. They then argue that substantive due process is unavailable because plaintiff has properly alleged a Fourth Amendment violation.

Defendants argue, quite correctly, that plaintiff cannot state a claim based solely on the Fifth Amendment. They do, however, recognize that under a recent Fourth Circuit decision, *Kidd v. O'Neil,* 774 F.2d 1252, 1259 (4th Cir.1985), the substantive portion of the Fourteenth Amendment Due Process Clause may be supplied by the Fifth Amendment's fundamental guarantee of liberty. The Fifth Amendment claim is viable when, as here, it is asserted through the utilization of the Fourteenth Amendment. Since the right to be free from excessive force is partially based on the Fifth Amendment, *see Kidd,* 774 F.2d at 1259, the allegation of a Fifth Amendment violation will survive the instant motion.

Defendants admit that plaintiff has properly alleged a violation of the Fourth Amendment as incorporated by the Fourteenth Amendment. Defendants argue that plaintiff's Fourteenth Amendment substantive due process claim must be dismissed because such a claim cannot coexist with a Fourth Amendment claim under *Kidd v. O'Neil.* The logical extension of their argument is that the substantive due process right to liberty no longer exists once a person has been subject to an unreasonable seizure.

The Court disagrees with defendant's interpretation of *Kidd v. O'Neil.* The Court understands *Kidd v. O'Neil* to hold that, notwithstanding the specific protections of the Fourth and Eighth Amendments, there is a general constitutional right to bodily security grounded in the Fifth Amendment as incorporated by the Fourteenth Amendment. 774 F.2d at 1258–60. A single bad act may implicate more than one constitutional right. Moreover, even if the constitutional rights were mutually exclusive, plaintiff is permitted to plead in the alternative. Accordingly, plaintiff's alleged violations of the Fifth and Fourteenth Amendments will not be dismissed.

### III.

Defendants have cited unrebutted authority indicating that a spouse has no right to recover for loss of consortium in Virginia. *See, e.g., Miller v. Holiday Inns, Inc.,* 436 F.Supp. 460, 461–62 (E.D.Va. 1977). Accordingly, plaintiff's loss of consortium claim will be dismissed.

An appropriate order shall issue.