**Donald R. JENKINS, Plaintiff,**

v.

**Glenn M. WEATHERHOLTZ, et al., Defendants.**

Civ. A. No. 88–0205–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

Sept. 11, 1989.

Daniel J. Neher, Harrisonburg, Va., for plaintiff.

James G. Welsh, Timberlake, Smith, Thomas & Moses, P.C., Staunton, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff in this case was a deputy sheriff in Rockingham County, Virginia, until 1987. He alleges that his dismissal from that position was in violation of his due process rights. This action is brought under 42 U.S.C. § 1983 and this court has jurisdiction pursuant to 28 U.S.C. § 1343. This case is currently before the court on defendants' motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. The issues were briefed, and both parties were heard at oral argument on August 8, 1989. The case is now ripe for decision.

### I

The plaintiff in this case, Donald Jenkins, was a deputy with the Rockingham County Sheriff's Department for fourteen years until his dismissal in the third quarter of 1987. He alleges that his dismissal was in violation of his due process rights under the fifth and fourteenth amendments. The defendants argue that under state law the plaintiff served at the will of the sheriff and therefore has no property interest in his continued employment, and thus, due process issues are not raised.

At first glance the issue is a simple one which has been repeatedly addressed by the federal district courts in Virginia and routinely decided adversely to the present plaintiff. Jenkins argues that his case is different, due to the alleged adoption by the sheriff's department of regulations concerning dismissal which, he argues, give him an expectation of continued employment.

### II

"It is settled that to be entitled to a due process hearing, one must have suffered by ... state action a loss of either a property or a liberty interest." *Arnett v. Kennedy*, 416 U.S. 134, 164, 94 S.Ct. 1633, 1649, 40 L.Ed.2d 15 (1974) (Powell, J., concurring); *Clark v. Whiting*, 607 F.2d 634, 641 (4th Cir.1979). Virginia is in the minority of states, if it is not unique, in that the county

sheriffs are independent constitutional officers. *See* Va. Const., Art. VII, § 4; *Hilton v. Amburgey*, 198 Va. 727, 729, 96 S.E.2d 151 (1957). Sheriffs' deputies, by state statute, serve at the will of the sheriff and may be removed by him at any time. Code of Va. § 15.1–48. In light of this, federal courts have routinely, and unanimously, held that sheriffs' deputies in Virginia have no property interest in their continued employment as deputies and consequently no right to a due process hearing before demotion or dismissal. *See, e.g., Pierson v. Gondles*, 693 F.Supp. 408, 415 (E.D.Va. 1988); *United States v. Gregory*, 582 F.Supp. 1319, 1321 (W.D.Va.1984), *aff'd in part, rev'd in part*, 818 F.2d 1114 (4th Cir.), *cert. denied*, 484 U.S. 847, 108 S.Ct. 143, 98 L.Ed.2d 99 (1987); *Hutto v. Waters*, 552 F.Supp. 266, 269 (E.D.Va.1982); *Sherman v. City of Richmond*, 543 F.Supp. 447, 450 (E.D.Va.1982); *Hopkins v. Dolinger*, 453 F.Supp. 59, 63 (W.D.Va.1978). These cases, particularly *Hutto*, which dealt specifically with whether guidelines regulating dismissal adopted by the department in that case, which are similar to those in the present case, gave rise to a property right, seem more than adequate to support a summary granting of the defendants' motion. Two developments however, plaintiff argues, should give this court pause. The first is the specific grievance procedure adopted by the county; the second is the treatment of that procedure by the state Supreme Court.

In response to a legislative mandate, Rockingham County adopted an Employees Handbook ("Handbook") which set out a specific grievance procedure for county employees and which was in effect at the time of plaintiff's dismissal.[1] The Handbook applies to "all appointed paid employees of the County." As an initial matter, it seems clear that a deputy is not a paid employee of the county. Virginia Code § 14.1–73.1:1 indicates that a deputy is employed by the sheriff, not the county. Under § 15.1–48 a deputy may be removed by his principal, in this case the sheriff, and there is no requirement that county officials have any

---

1. The statutory provision mandating the grievance procedure is Va.Code § 15.1–7.1.

say in the decision; this is further evidence that the sheriff employs the deputy, and not the county. While two provisions of the Handbook refer to the sheriff's *department,* they are minor, relating only to overtime pay and uniforms. *See* Handbook §§ 5.1(c), 5.2.

Finally, the grievance procedure in the Handbook was patterned on that outlined in Va.Code § 2.1–114.5:1.[2] In *Detweiler v. Virginia Dept. of Rehabilitative Services,* 705 F.2d 557 (4th Cir.1983), the Fourth Circuit held that the grievance procedure in § 2.1–114.5:1 did create a property right in continued employment; however, neither *Detweiler,* nor any other case, has addressed the question of whether § 2.1–114.5:1 survives § 15.1–48. And in *Hutto,* 552 F.Supp. 266, the court specifically found that guidelines similar to those in the present case, even when adopted by the sheriff, did not override the language in § 15.1–48.

The additional element which plaintiff argues has worked a change in the traditional approach to this type of case was the Virginia Supreme Court's decision in *Angle v. Overton,* 235 Va. 103, 365 S.E.2d 758 (1988). In *Angle,* a sheriff's deputy had been demoted and brought a grievance under the Franklin County employee grievance procedures. The panel which heard the grievance concluded that the deputy should be reinstated but the sheriff refused to comply with the panel's decision. The deputy sought mandamus to compel compliance with the decision; however, the state Circuit Court refused to issue the writ. The Virginia Supreme Court reversed, holding that the panel's decision was binding on the sheriff.

While it certainly may be argued that an underlying assumption in *Angle* was that the grievance procedures bound the sheriff in that case, and therefore limited his discretion under § 15.1–48, the opinion is devoid of any discussion of the constitutional issue currently before this court and insufficiently on point to prevail over the clearly established federal precedent. The court in

*Angle* addressed no constitutional issues whatsoever; it did not consider whether deputies gained a property interest in their employment under the guidelines, or whether they were entitled to any due process rights. The opinion concerns solely an issue of state administrative law.[3] Absent a stronger indication that the state court intended to work such a dramatic change in current law, this court will follow the decision of the court in *Hutto* and those cases cited *supra.*

### III

In conclusion, the court finds that the plaintiff, a deputy sheriff, served at the will of the sheriff under state law, and therefore had no property interest in his continued employment as a deputy. The defendants' motion for summary judgment will be granted.

An appropriate Order shall this day issue.

---

**2.** See Va.Code § 15.1–7.2.

**3.** Additionally, the sheriff in *Angle* had allowed the grievance to be pursued to its ultimate con-

clusion before repudiating it; in the present case no access to the grievance procedure was provided at all.