**Jose OLIVO, Plaintiff,**

v.

**David K. MAPP, and City of Norfolk, Defendants.**

**No. 2:93cv946.**

United States District Court, E.D. Virginia. Norfolk Division.

Dec. 10, 1993.

---

William H. Hurd, Richmond, VA, Gary C. Byler, Virginia Beach, VA, for plaintiff.

William M. Furr, Willcox & Savage, Harold P. Juren, Office of the City Atty., Norfolk, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

The plaintiff, Jose Olivo ("Olivo") filed a complaint under 42 U.S.C. § 1983, alleging that the defendants, Sheriff David K. Mapp ("Sheriff Mapp") and the City of Norfolk ("the City") violated his constitutional rights under color of state law. The matter is presently before the court on the City's Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is GRANTED.

### I. BACKGROUND

#### A. General Facts

At the time the events in this matter occurred, Olivo was a Deputy Sheriff in the City's Sheriff's Department, which is headed by Sheriff Mapp. Olivo's complaint contends that, because of his unwillingness to participate in and contribute to the re-election efforts of Sheriff Mapp, he was initially reassigned to tasks in the department that are considered undesirable and later completely discharged from his job because he said he was "neutral" as to on-going election campaign.

As a result of his discharge, Olivo filed this 42 U.S.C. § 1983 action against Sheriff Mapp and the City. He alleges that this discharge was under color of state law and that it violated his First and Fourteenth Amendment rights. The City responded by filing a Motion for Summary Judgment in which it contends that a Virginia municipality is not liable under § 1983 for the personnel decisions of a state constitutional officer.

#### B. Summary Judgment Facts

The facts necessary for consideration of this motion are clear from the affidavit attached to the City's motion. In that affidavit, Assistant City Manager George C. Crawley states that the City jail is operated and managed solely and exclusively by the sheriff, who is a Virginia constitutional officer and elected by the voters of the City (¶ 2); that the City does not operate or manage the jail nor establish any of its operating policies (¶ 3); that all of the jail's employees work for the sheriff, not the City (¶ 4); that the sheriff's employees are not governed under the personnel policies of the City (Id.); and that the City has no control over those employees (Id.).[1]

### II. STANDARD FOR SUMMARY JUDGMENT

■ Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). To avoid summary judgment, the non-moving party must introduce evidence to create an issue of material fact on "an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Therefore, the moving party, in this case the City, must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law based upon those facts. Since Olivo presented no evidence to create a triable issue of fact, the motion is ripe for summary judgment consideration.

### III. DISCUSSION

In this instance, it is clear that the City does not exercise any influence or control over Sheriff Mapp's decisions to hire, promote, demote, or dismiss his deputies. The question remains then whether the City can be held liable under § 1983 for Sheriff Mapp's alleged unconstitutional behavior in dismissing Olivo.

---

1. Olivo presented no evidence in response to the City's motion and attached affidavit.

■ Under § 1983, a municipality can be sued for violations of constitutional rights. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). In *St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), the Supreme Court clarified the "guiding principles" by which a municipality's liability is determined. It noted that

> First, ... [it] may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policymaking authority" may by their actions subject the government to § 1983 liability. Third, whether a particular official has "final policymaking authority" is a question of *state law*. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in *that area* of the city's business.

*Id.* at 123, 108 S.Ct. at 924 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

The cases cited by Olivo and by the City mostly concern whether a municipality is responsible for a sheriff's decisions in regards to jail conditions and treatment of prisoners. Those cases are inapposite in this matter where the challenge is to an employment practice of the sheriff. Therefore, the court must determine whether the City maintained the type of relationship under Virginia law in regards to Sheriff Mapp's employment decisions so as to satisfy the "guidelines" of *Praprotnik.*

■ Sheriffs in Virginia are constitutional officers who hold office by virtue of the Virginia Constitution. Va. Const. Art. VII, § 4; *See also Sherman v. City of Richmond*, 543

F.Supp. 447, 449 (E.D.Va.1982). Therefore, a sheriff serves independently of both municipal and state governments. *Sherman*, 543 F.Supp. at 449. A sheriff's duties, though, are defined and regulated by state statute. *Id.* Most notable for this matter is the statute that gives the sheriff sole and exclusive discretion to hire and fire deputies. *See* Va.Code Ann. § 15.1–48.

The City has also presented other Virginia law in the form of Virginia Attorney General opinions that demonstrate that a constitutional officer's employment practices are within his discretion and not a policymaking function of local government. *See, e.g.*, July 6, 1977 Attorney General letter to Treasurer of Greensville County ("[A] constitutional officer has the sole responsibility regarding the personnel policies of his office. It is not the prerogative of any local official to make personnel determinations for a constitutional officer."); April 5, 1985 Attorney General letter to Commissioner of Revenue of Wythe County ("[T]he employment terms of employees of constitutional officers are not subject to the control of a local governing body.")

It thus appears that the employment practices of a sheriff do not involve the exercise of any policymaking authority on behalf of a locality. Olivo argues to the contrary, relying upon a recent district court case, *May v. Newhart*, 822 F.Supp. 1233 (E.D.Va.1993). In *May*, Judge Williams held that a city could be liable under § 1983 for a sheriff's violation of constitutional standards in operating a city jail. He reached this result because he concluded that the operation of a jail is a city function and the city had delegated final policymaking decisions concerning the jail to the sheriff. *Id.* at 1236.

Although the decision in *May* appears to conflict with other opinions of the Fourth Circuit and this court,[2] the Court need not contradict it to reach a conclusion in this matter. That is because the *May* decision

---

**2.** *See, e.g., Strickler v. Waters*, 989 F.2d 1375 (4th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993) (as matter of law, city not liable under § 1983 for actions of sheriff in administration of jail) (dicta); *Himple v. Moore*, 673 F.Supp. 758 (E.D.Va.1987) (holding same); *Sherman v. City of Richmond*, 543 F.Supp. 447 (E.D.Va.1982) (same); *Wilt v. Mapp*, Civ. Action Nos. 84–299–N, 84–432–N, 84–544–N (E.D.Va.

Nov. 23, 1984) (same); *DeMier v. Arlington Cty.*, Civ. Action No. 80–1086–A (E.D.Va. May 12, 1981) (same); *see also Jenkins v. Weatherholtz*, 719 F.Supp. 468 (W.D.Va.1989), *aff'd in part and remanded in part*, 909 F.2d 105 (4th Cir.1990); *Witt v. Harbour*, 508 F.Supp. 378, 380 n. 5 (W.D.Va.1980), *aff'd*, 644 F.2d 883 (4th Cir.), *cert. denied*, 454 U.S. 879, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981); *Dillon v. City of Roanoke*,

pertained narrowly to the operation of a city jail by a sheriff; it did not suggest that a city would be liable for a sheriff's employment practices. In fact, in his opinion refusing to reconsider the *May* case, Judge Williams clarified the case's holding as follows:

> When a sheriff executes his law enforcement duties, he acts on behalf of the state; when he fires and hires his own deputies he does so in his capacity as a constitutional officer. But when he operates a jail he acts on behalf of the locality he serves.

*May v. Newhart*, 822 F.Supp. 1233 (E.D.Va. 1993). Without commenting upon the wisdom of the holding in *May*, it is clear that it does not extend so far as to make a city liable for the employment decisions of a sheriff concerning his own deputies under *Praprotnik.* Olivo's argument thus fails.

### IV. CONCLUSION

Finding there to be no material issue of fact in dispute and concluding that Sheriff Mapp did not exercise final policymaking authority for the City when he discharged Deputy Sheriff Olivo, the Court ORDERS that the City's Motion for Summary Judgment be GRANTED and this action be DISMISSED as to the City of Norfolk.

**IT IS SO ORDERED.**

Civ. Action No. 82–0452 (W.D.Va. Oct. 27, 1983); *Dent v. Ohlinger*, Civ. Action No. 78–0066(c) (W.D.Va. Dec. 20, 1979).