UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

WANDA S. HYMAN,
Plaintiff-Appellant,

v.

TOWN OF PLYMOUTH, NORTH
CAROLINA; JARAHNEE BAILEY, Mayor
of the Town of Plymouth, North

Carolina; RICHARD HOLEMAN,
Councilman for the Town of
Plymouth, North Carolina; HARRY
HOUSE, Councilman for the Town of
Plymouth, North Carolina,
Defendants-Appellees.

No. 95-2865

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Franklin T. Dupree, Jr., Senior District Judge.
(CA-94-41-D)

Submitted: May 16, 1996

Decided: May 30, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Lee White, Greenville, North Carolina, for Appellant. Patricia
Lee Holland, CRANFILL, SUMNER & HARTZOG, L.L.P., Raleigh,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wanda S. Hyman appeals from the district court's order granting summary judgment in favor of the Defendants on her 42 U.S.C. § 1983 (1988) claim and her pendent state defamation claim. We affirm.

Hyman was employed by the Town of Plymouth, North Carolina, as its city manager from May 1993 to August 1994. On August 8, 1994, the Plymouth town council held a closed meeting after which Hyman was advised to resign or face termination. Hyman refused to resign and the council then voted, in an open session, to terminate Hyman. Councilman Holeman stated in that session that Hyman lacked the "skills and traits" necessary to solve a number of "extreme difficulties" facing the community. This statement was published in two local newspapers.

On September 12, 1994, approximately one month after Hyman was fired, Councilman House made a motion during the town council meeting to investigate "improper handling of public funds, now suspected or in the future discovered." No mention was made of Hyman or her position. In fact, the only person even vaguely mentioned during the meeting was the town's finance officer. The local newspaper reported that the town council had initiated an investigation "regarding possible embezzlement of town funds by a town employee," but did not in any way refer to Hyman. One of the papers stated that "House did not say who he suspects was responsible for the misuse of funds."

Hyman filed this action alleging that the Defendants' actions deprived her of due process in violation of the Fourteenth Amendment and that they had defamed her based on the newspaper articles following her termination. The district court granted summary judgment to the Defendants on both claims. Hyman appeals.

2

This court reviews the granting of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984). The party opposing the motion must come forward with some minimal facts to show that summary judgment is not warranted. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The facts and all reasonable inferences are to be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Hyman claimed first that she had a protected liberty interest in maintaining her reputation in the community and that the Defendants deprived her of that liberty interest by denying her a post-termination "name-clearing" hearing. The Supreme Court has held that a public employee has a protected liberty interest entitling him to notice and an opportunity to be heard where a charge is made which damages his reputation in the community, "for example, that he had been guilty of dishonesty, or immorality." Board of Regents v. Roth, 408 U.S. 564, 573 (1972). This court has held that"[a]llegations of incompetence do not imply the existence of serious character defects such as dishonesty or immorality, contemplated by Roth . . . and are not the sort of accusations that require a hearing." Robertson v. Rogers, 679 F.2d 1090, 1092 (4th Cir. 1982) (holding that statements that the plaintiff had been fired for "incompetence and outside activities" did not impose on the plaintiff a stigma or disability sufficient to implicate a constitutionally protected liberty interest); see also Zepp v. Rehrmann, 79 F.3d 381, 388 (4th Cir. 1996).

We agree with the district court's conclusion that statements made at the August 8 council meeting regarding Hyman's competency did not give rise to a protected liberty interest. Nor do comments made at the September 12 council meeting--which Hyman claims "insinuated" that she embezzled funds--give rise to a protected liberty interest because they were made after she had already been terminated. See Siegert v. Gilley, 500 U.S. 226, 234 (1991) (no due process claim where alleged defamation not uttered incident to employee's termination).

As to Hyman's state law claim for defamation, we find that the record reveals no defamatory statements made by either Holeman or

3

House. Accordingly, we affirm the district court's order granting summary judgment to the Defendants on both of Hyman's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4